GLEN, APPELLEE, *v.* AETNA LIFE INS. CO. ET AL.; READ, ADMR., APPELLANT.

(No. 3552—Decided March 11, 1943.)

*Messrs. Hutchison & Firestone,* for appellee.
*Mr. Ernest W. Teodosio,* for appellant.

DOYLE, J.   The plaintiff in this action claims to be the beneficiary in a certain industrial group plan life insurance policy issued by the Aetna Life Insurance Company under a contract with The Goodyear Tire & Rubber Company on the life of her deceased sister, Jeanette F. Metzger, and seeks the proceeds therefrom.   The insurance company has interpleaded; and, having paid the money into court, asks to be relieved from any further liability.   The administrator *d.b.n.* w.w.a. of the estate of the insured decedent, Jeanette F. Metzger; the administrator w.w.a. of the estate of the deceased husband of Jeanette F. Metzger, Donald C. Metzger; and six sisters of Jeanette F. Metzger, who, together with the plaintiff, another sister, are her sole surviving heirs and next of kin, through their pleadings likewise sought the proceeds of the policy.

The case was tried in the Court of Common Pleas of Summit county, without the intervention of a jury, upon the pleadings, and upon an agreement on some ultimate facts and some evidentiary facts; and at the conclusion thereof judgment was entered in favor of the plaintiff.   From this judgment appeal is prosecuted to this court by the administrator *d.b.n.* of the es-

tate of Jeanette F. Metzger on questions of law. None of the other parties have appealed.

The record before us consists of the original papers, a transcript of the record and journal entries, and a bill of exceptions in which has been incorporated the said agreed statement of the evidence and ultimate facts upon which the matter was submitted to the trial court.

No motion for a new trial was filed.

It is asserted that this court is precluded from looking to the agreed statements in the bill of exceptions for the reason that a motion for a new trial was not filed. On the contrary it is stated that such a motion is not necessary when a case is presented under the circumstances depicted herein—*i. e.,* under ''an agreed statement of facts.''

A reviewing court cannot reverse a judgment on the ground that it is against the weight of the evidence unless there has been filed, within the provisions of the statute (Section 11578, General Code), a motion for a new trial. However, in cases submitted to the trial court under an agreement on all of the ultimate facts, a motion for a new trial is unnecessary because there is no dispute as to the facts and no necessity to re-examine issues of fact as that term is used in the Code. In such cases there is no evidence to be weighed or considered, and all that is necessary is for the court to apply the law to the conceded facts. *In re Estate of Hinton,* 64 Ohio St., 485, 60 N. E., 621.

And this same rule applies where evidentiary facts are admitted which are of such force that reasonable minds could conclude only the ultimate fact.

There is, however, a practice extant in which counsel agree or stipulate evidentiary facts, as distinguished from ultimate facts, and submit their cause to the court for determination upon such evidence.

Under such a situation a motion for a new trial is

necessary to enable a reviewing court to consider the weight of the evidence, for the case is heard upon evidence from which different conclusions may be drawn, even though the evidence is by the agreement of the parties.

Confusion arises in the practice because the phrase "agreed statement of facts" is usually applied to each type of case, although in the latter type there actually is an agreement as to what the evidence is rather than an agreed statement of facts. The test is whether the agreement contains only the ultimate facts, or evidentiary facts concerning which reasonable minds cannot reach different conclusions. In either of such situations, there is presented only questions of law, and a motion for a new trial is not necessary.

The members of this court are of the opinion that one of the vital issues in the case is the question of the intention of the insured to change the beneficiary in her policy at the time claimed, and that the agreed facts are not ultimate facts on this question but merely evidentiary facts upon which reasonable minds could come to different conclusions; and while there were some ultimate facts stipulated, on the question of intention the facts stipulated were evidentiary only, and, as already stated, such that reasonable minds could reach different conclusions. This being so, a motion for a new trial was necessary to properly present to this court for determination the weight of the evidence on this issue.

We next come to the question as to whether or not this court can look to the agreed evidence for any purpose whatsoever.

In an early case in this state it was determined:

"2. Where, on error, the record shows no such motion (motion for a new trial), but contains a bill of exceptions embodying all the evidence, and it appears that on the trial evidence was given which, standing

alone, warranted the finding, the judgment can not be reversed for error in law on the ground that, considering all the evidence, the finding is against the weight of evidence. To reverse on such ground would not be reviewing the judgment of the court below on a question of law, but on the credibility and weight of the testimony.

"3. * * * error in law, for want of proof, only arises where there is no evidence fairly tending to establish one or more facts, the existence of which is essential to the recovery." *Turner* v. *Turner,* 17 Ohio St., 449, cited with approval in *Jacob Laub Baking Co.* v. *Middleton,* 118 Ohio St., 106, at p. 119, 160 N. E., 629.

. These rules, so long ago pronounced, have been applied by the courts of this state to the present time. And from them it may be concluded that, although a Court of Appeals cannot pass on the weight of the evidence in the absence of a motion for a new trial, such a motion is not necessary to determine whether there was any evidence tending to support the judgment. For this limited purpose the record may be examined because there is presented only a question of law; and if the record fails to show any evidence on an issue or issues necessary to support a judgment, such judgment may be reversed as contrary to law. *Travelers' Indemnity Co.* v. *M. Werk Co.,* 33 Ohio App., 358, 169 N. E., 584.

The admissions in the pleadings and the agreed facts contained in the bill of exceptions show that Ivan C. Metzger and the insured, Janet (Jeanette) Metzger, were husband and wife; that on May 1, 1941, the husband shot and killed the wife and immediately committed suicide; and that at the time of and prior to her death the wife was an employee of The Goodyear Tire & Rubber Company, and through such employment her life was insured under a group plan of insurance in the Aetna Life Insurance Company. The insurance

was evidenced by a certificate, issued jointly by the employer and the insurance company, which *inter alia* contained the name of the insured, the amount of the insurance, the name of the beneficiary, and provisions for the change of beneficiaries and alternate beneficiaries.

Prior to Jeanette Metzger's marriage to Ivan C. Metzger, the plaintiff, Robina Glen, a sister, was the named beneficiary. After her marriage, she had her husband named as beneficiary in place of her sister, the present plaintiff. Subsequently, on April 7, 1941, she struck out the name of her husband as beneficiary on her certificate of insurance and wrote in the name of her former beneficiary, Robina Glen. On the same date, she wrote a letter to The Goodyear Tire & Rubber Company, her employer, as follows:

"April 7th, 1941.
"The Goodyear Tire and Rubber Co.,
"Akron, Ohio.

"Upon notice of my death please give my insurance to my sister Miss Robina Glen of 181 West Forest Ave., Pawtucket, R. I., or if she is dead give it to Miss Shelia Ross of the same address. Metzger has been brutal and unkind to me and his frequent beatings have helped hasten my end.

"Signed by me,
"Janet F. Metzger
"April 7th, 1941."

This letter was sealed and stamped but not mailed, and was found by the coroner in a box with her insurance certificate and her will. The homicide occurred on May 1, approximately three weeks after the date of the letter.

The only evidence on the issue of a change of beneficiary from the husband to the sister is the policy or certificate of insurance, which was in the possession of the insured and upon which, "presumably on April

7, 1941," the name of the husband was scratched out and the name of the sister inserted, and the foregoing letter to The Goodyear Tire & Rubber Company.

A precis of two decisions of the Supreme Court of this state on the subject of change of beneficiary is well stated by Matthews, J., in *Union Central Life Ins. Co.* v. *Macbrair,* 66 Ohio App., 144, at 148, 31 N. E. (2d), 172:

"There is no doubt that these [*Atkinson* v. *Metropolitan Life Ins. Co.,* 114 Ohio St., 109, 150 N. E., 748, and *Arnold* v. *Newcomb,* 104 Ohio St., 578, 136 N. E., 206] and many other cases hold that where the unconditional right to change the beneficiary is reserved, additional provisions as to the mode and manner of making the change are deemed solely for the benefit and protection of the insurer, and if it sees fit to waive such provisions, no right of the original beneficiary is violated, and the intention of the insured to change the beneficiary given effect, notwithstanding noncompliance with the provisions of the policy as to the mode and manner of expressing such intent."

This learned judge construed, in part, *Atkinson* v. *Metropolitan Life Ins. Co., supra,* the 4th and 5th paragraphs of the syllabus of which are:

"4. The provisions in a policy of insurance regulating the mode and manner of making a change of beneficiary are for the benefit of the insurance company and may be waived by it.

"5. In the event of a controversy between a former named beneficiary and a new beneficiary, *if the insurance company interpleads* in an action by a claimant to recover the proceeds of the policy it thereby waives any interest in the outcome of the action and thereupon the cause shall proceed between the respective claimants uninfluenced by any rights or interests of the insurance company." (Italics ours.)

Thus it appears that, in this state, the old rules of

strict construction finally expire in the last pronouncement.

The policy under consideration reserved the unconditional right to the insured to change her beneficiary. The additional provisions pertaining to the mode and manner of effecting the change were solely for the benefit of the insurer, and in this case were waived by the interpleader. The insured scratched out the name of her husband and substituted the name of her sister on the policy, in the same manner as the company had previously changed the name of the beneficiary on the same policy from her sister to her husband; she at the same time wrote a letter to her employer who cared for such matters for its employees, and the only thing that she failed to do was to mail the letter and forward the certificate; instead she placed the letter with her personal papers, which it was reasonable to suppose would reach intact the hands of her personal representative in the event of her death.

Under these circumstances it is not difficult for this court to find that there was some evidence before the trial court from which it could be concluded that the insured fully desired and intended to change the beneficiary in her policy of insurance on April 7, 1941. In fact, from the language of her letter and her subsequent death, it is reasonable to suppose that she anticipated an assassin's malevolence and desired that neither the culprit nor any of his kin should profit from her execution.

Deciding, as heretofore stated, that, in the absence of a motion for a new trial, this court is precluded from weighing the evidence, but that, in looking to the evidence for the limited purpose of determining whether there is any evidence to support the judgment, and finding that there is, it becomes unnecessary to consider at length other interesting questions of law, all of which, however, would preclude this sole appellant from recovering in this appeal.

The policy itself provides: "That if any designated beneficiary predeceases the employee, the interest of such beneficiary shall vest in the surviving designated beneficiary or beneficiaries, if any, but if no designated beneficiary survives the employee or if no beneficiary has been designated, the insurance shall be payable to the *first named beneficiary, or class of beneficiaries,* of the following successive preference beneficiaries who shall survive the employee: the employee's (a) widow or widower; (b) surviving children, equally; (c) father and mother, equally, or to the survivor; (d) surviving brothers and sisters, equally; (e) executors and administrators;" etc.

As stated heretofore, the sole surviving heirs and next of kin of the insured are the plaintiff and her six sisters. Under the very terms of this contract of insurance ("d" and "e," *supra*), the sisters fall within the class entitled to recover before the estate of the insured, and the six sisters, by their decision to not appeal, do not object to the judgment entered.

*Judgment affirmed.*

STEVENS, P. J., and WASHBURN, J., concur.