**SUN LIFE ASSUR. CO. OF CANADA v. SECOY et al.**

Civ. No. 5651.

District Court, N. D. Ohio, W. D.
June 19, 1947.

Thomas E. Lipscomb and Thompson, Hine & Flory, all of Cleveland, Ohio, for plaintiff.

Hall & Naus, of Upper Sandusky, Ohio, Light & Siferd, of Lima, Ohio, and Wm. ·J. Hunter, of Upper Sandusky, Ohio, for defendants.

KLOEB, District Judge.

This is a declaratory judgment action brought by the plaintiff to secure an adjudication of its responsibilities under two policies of insurance issued to Ralph W. Secoy. Both policies of insurance provided that the assured had the right to change the beneficiary by filing with the company a written request in such form as the company might require, accompanied by the policy, the change to take effect only upon the endorsement of the same on the policy by the company.

The first of these policies was issued on the 19th day of January, 1931. On January 2, 1932, the assured, Ralph W. Secoy, executed a request for a change of beneficiaries, which change was endorsed upon and became a part of the policy on January 15, 1932. Under date of December 4, 1937, the assured wrote a letter to the plaintiff, requesting a further change in beneficiaries under certain settlement options in the policy. The letter asked that the plaintiff forward all papers to his agent, and also that the plaintiff incorporate in the change its spendthrift clause.

Pursuant to this letter, plaintiff prepared the necessary form, and mailed it to the assured's agent. The form was not returned to plaintiff and, on October 24, 1938, plaintiff returned to assured the policy which he had forwarded with his letter in order that the requested changes

could be endorsed on the policy. The form itself was never found, and it is unknown whether or not it was ever executed by the assured.

In December, 1942, the assured again requested a change in the beneficiaries under the policy, and a form to effect such changes was again sent to him. This form was not returned to the company, but was found among the papers of the assured after his death. It had been executed on the 22d day of May, 1943.

On June 25, 1943, assured again wrote to plaintiff, requesting a change, and again the necessary form was sent to him. This form was never returned to plaintiff, and was never found, and it is unknown whether or not it was ever executed by the assured. In assured's letter of June 25th requesting this change he again asked that the plaintiff incorporate its spendthrift provision and forward the form to his agent.

The second policy was issued to the assured on January 19, 1937. On the 17th day of February, 1937, the assured changed the beneficiaries, and such change was endorsed upon and became a part of the policy on March 24, 1937.

Thereafter, on December 4, 1937, in December, 1942, and on June 25, 1943, the same proceedings were had with respect to this policy as have been outlined above with respect to the first policy.

Because of these various proceedings, a controversy has arisen among the defendants as to which are properly designated as beneficiaries and entitled to the proceeds of the policies.

■ It appears to be conceded that these policies were contracts entered into and to be performed in the State of Ohio. The law of Ohio must, therefore, be applied in construing the policies and in determining the rights of the parties. Alropa Corporation v. Kirchwehm, 138 Ohio St. 30, 33 N.E.2d 655; Plaut v. Mutual Life Ins. Co., 4 Ohio Cir.Ct., N.S., 94, affirmed 65 Ohio St. 586, 63 N.E. 1132; Bank of United States v. Donnally, 33 U.S. 361, 8 L.Ed. 974; Mutual Life Ins. Co. of New York v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398.

■ It is the law of Ohio that where the assured has the unconditional right to change the beneficiary, any additional provisions in the policy of insurance as to the mode and manner of making the change are deemed to be for the benefit of the insurance company, and may be waived by the company. Atkinson v. Metropolitan Life Ins. Co., 114 Ohio St. 109, 150 N.E. 748; Arnold v. Newcomb, 104 Ohio St. 578, 136 N.E. 206.

■ In the fifth paragraph of the syllabus of Atkinson v. Metropolitan Life Ins. Co., supra, it is stated: "In the event of a controversy between a former named beneficiary and a new beneficiary, if the insurance company interpleads in an action by a claimant to recover the proceeds of the policy it thereby waives any interest in the outcome of the action and thereupon the cause shall proceed between the respective claimants uninfluenced by any rights or interests of the insurance company."

In this case there does not appear to be any substantial difference arising from the fact that the plaintiff filed an action for a declaratory judgment rather than an action in interpleader. In the stipulation of facts filed by the parties, plaintiff expressly "disclaims any interest in the case other than its desire to obtain * * * an adjudication * * * binding upon all of the parties hereto". Under the circumstances, therefore, the Court is limited to a consideration of the rights of the respective claimants.

■ Under the doctrine of the Ohio cases, it appears, therefore, that a change of beneficiaries may be effected irrespective of the fact that the manner of effecting such a change set out in the policy is not complied with exactly.

■ From a consideration of the cases cited, and of the cases of Union Central Life Ins. Co. v. MacBrair, 66 Ohio App. 144, 31 N.E.2d 172, and Glen v. Aetna Life Ins. Co., 73 Ohio App. 452, 56 N.E.2d 951, the Court feels that, in a case such as this, where strict compliance is unnecessary, a change of beneficiaries is effected if the evidence shows, first, that the assured had definitely determined to change the beneficiaries, and, second, that, in accord-

ance with that determination, he had done everything to the best of his ability to effectuate the change.

 Considering all the facts and circumstances here, and especially the fact that the assured was a man with recognized business ability, and that he had effected a change of beneficiaries in both policies before, the Court feels that the evidence does not disclose that the assured at any time after the year 1932 in the case of the first policy, and after the year 1937 in the case of the second policy, had definitely determined to change his beneficiaries and had done everything to the best of his ability to effectuate such a change.

It appears clear to the Court that, in his letters of December 4, 1937, and June 25, 1943 (relative to both policies), the assured did not intend or desire that the letters themselves operate as a change of beneficiaries, as in both letters he requested forms to make the change and asked that certain provisions (spendthrift clauses) which were not spelled out in his letters be incorporated in the forms.

As to the request of December, 1942 for a change of beneficiaries in both policies, the required forms for which were executed on May 22, 1943, the Court is of the opinion that the only reasonable explanation of the evidence is that the assured had not definitely determined to effectuate such a change, inasmuch as he made no attempt to forward the executed form to the company although it is clear that he knew such a procedure was necessary, having gone through the formalities of effectuating a change of beneficiaries in the year 1932, and being a man of wide experience in dealing with contracts and other formal documents. In view also of his experience and ability, it is clear that he did not do everything to the best of his ability to effectuate a change.

The Court is, therefore, of the opinion, and hereby finds, that the beneficiaries designated by the assured in January of 1932 as to the first policy, numbered 1262612, and in February of 1937 as to the second policy, numbered 1521434, are entitled to the proceeds of these policies.

Defendants Grace E. Secoy and Edgar Fisher have filed proposed Findings of Fact and Conclusions of Law, which are in accordance with this opinion. The other defendants may have until the 25th day of June, 1947, to file objections or suggested additions thereto.