## TOMANENG v. REEVES.

### No. 10973.

United States Court of Appeals
Sixth Circuit.

Feb. 14, 1950.

J. Paul McNamara, and Walter J. Mackey, Columbus, Ohio (Thomas M. Quinn, Indianapolis, Ind., on the brief), for appellant.

Wm. E. Knepper, and H. S. Kerr, Columbus, Ohio, for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

The sole question presented by this appeal is whether the decedent effected a change of beneficiary in accordance with the terms of a policy of life insurance which provides that the insured "shall have full power * * to designate a new beneficiary * * * by filing at the Home Office a written designation of beneficiary, which shall in no case be effective until the date upon which it is so filed." The insurance company filed a bill of interpleader, joining the decedent's wife and sister as defendants.

The facts are in the main stipulated, and are as follows: On January 7, 1946, the decedent, who was insured in The Penn Mutual Life Insurance Company under a policy in which his wife, Margaret Oyler Reeves, was named beneficiary, wrote the agent of the company at Fort Wayne, Indiana, a letter, the pertinent part of which reads: "Marital difficulties since my return has made it necessary to again change the beneficiary of my policy. I therefore request that the usual procedure be instituted making the present beneficiary Miss Mary Elizabeth Reeves—(my Sister) the recipient in the event anything happens to me."

On two previous occasions the decedent had changed the beneficiary in this same policy by the execution of "Change of Beneficiary" forms which he transmitted to the insurance company. After forwarding decedent's letter of January 7, 1946, to the company's home office, the agent wrote decedent that he was "ordering the beneficiary forms for change to your sister, as per your request." On January 16, 1946, the agent's secretary wrote decedent enclosing a beneficiary form "recently requested," and instructed decedent: "If this is in accordance with your wishes please sign both copies as indicated, having your signature witnessed, and return both to us. After certification at the Home Office the duplicate will be sent to you to be attached to the policy."

The forms were never signed by decedent and were retained in his possession until his death by accident on April 11, 1946.

Appellant contends that the letter of January 7, 1946, automatically constitutes the designation required under the policy and that its forwarding to the Home Office was the filing required. The District Court held that decedent's wife was still the duly designated beneficiary of the policy at the time of decedent's death and rendered judgment in her favor.

Under Ohio law, controlling here, where the insured has the unconditional right to change the beneficiary, a change may be effected even if the provisions of the policy setting forth the manner of effecting the change are not complied with exactly. Atkinson v Metropolitan Life Ins. Co., 114 Ohio St. 109, 150 N.E. 748.

But it must appear (1) that the insured had determined to change the beneficiary and (2) that he had done everything to the best of his ability to effect the change. Sun Life Assurance Co. of Canada v. Secoy, D.C., 72 F.Supp. 83; Union Central Life Ins. Co. v. Macbrair, 66 Ohio App. 144, 31 N.E.2d 172; Glen v. Aetna Life Ins. Co., 73 Ohio App. 452, 56 N.E.2d 951.

Tested by these rules, the judgment of the District Court must be affirmed. Decedent's letter of January 7, 1946, did not constitute an unequivocal designation of change of beneficiary. It merely embodied a request to institute the usual procedure for change of beneficiary, with which the decedent was familiar, namely, the sending and receipt of the beneficiary forms, their execution, and their filing in the home office. The decedent was an educated man, an assistant professor of medicine at Ohio State University, and no doubt understood the meaning of the words he used when he deliberately requested the agent to institute "the usual procedure." The forms were sent, received, but never executed, and the contemplated change was not effected. Decedent failed to do all that he could to effectuate the change.

Appellant contends that the judgment of the District Court is contrary to the holding of this court in Schwerdtfeger v. American United Life Ins. Co., 6 Cir., 165 F.2d 928. There, however, the insured had signed a formal insurance company application designating his daughters as beneficiaries. The evidence of the insured's determination to make the change was complete. He did the exact thing that the decedent here failed to do.

Judgment affirmed.