AETNA LIFE INSURANCE COMPANY,
Plaintiff,
Mary Presley Hayes and Mary Van
Worsley Droke, Defendants-
Appellants,

v.

Betty J. HAYES, Defendant-Appellee.

No. 15269.

United States Court of Appeals
Sixth Circuit.

Nov. 19, 1963.

Robert J. Warner, Jr., Nashville, Tenn., for appellants, Dearborn, Berry & Warner, Nashville, Tenn., on the brief.

Mac E. Robinson, Nashville, Tenn., for appellee, Patten & Brown, Little Rock, Ark., on the brief.

Before MILLER and O'SULLIVAN, Circuit Judges, and PECK, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

On December 27, 1941, the Aetna Life Insurance Company issued a $5,000.00 policy of life insurance to Carlos L. Hayes, a lawyer and resident of Arkansas. The named beneficiaries were the insured's mother, Mary Presley Hayes, and the insured's fiancee at that time.

On June 20, 1950, the insured executed, upon a form provided by the company, a request for change of beneficiary, which continued his mother as one of the two beneficiaries, but changed the other beneficiary from his fiancee to his niece, Mary Van Worsley Droke.

In May 1955 the insured married the defendant, Betty Jo Womack Hayes. In January 1956 the insured wrote to his insurance agent and requested that the company provide him with a change of beneficiary form. The company replied that it was against its policy to distribute blank forms and requested that the insured supply it with the name of the proposed new beneficiary. In August 1956 the insured supplied the company with this information and the company forwarded to him a form for his signature with the blanks filled in, constituting a formal request to the company to change one of the beneficiaries from his niece, Mary Van Worsley Droke, to "Betty Jo Womack Hayes, wife of the insured." A covering letter advised the insured as follows:

"We enclose herewith change of beneficiary agreement forms in con-

nection with your above numbered policy, which if satisfactory kindly sign both forms, have your signature witnessed and return the forms to us together with the policy, in order that the change of beneficiary may be completed."

On April 17, 1961, the insured died as a result of injuries received in an automobile accident on April 16, 1961.

The change of beneficiary form, above referred to, unsigned, was found by his widow in the insured's dresser drawer. The insurance policy was found in a trunk in his mother's home in Blytheville, Arkansas, which contained the insured's personal papers and old letters. The insured had been residing since his marriage in Benton, Arkansas.

The widow notified the insurance company that she had been designated as beneficiary of the policy and made claim for the proceeds. The insurance company filed this interpleader action in the United States District Court for the Middle District of Tennessee, making the named beneficiaries and the widow of the insured defendants.

The widow testified that the change of beneficiary form was not executed and submitted to the company due to the fact that the company had requested that he return the policy with the form and he was never able to get the policy; that the insured showed her the beneficiary change form and told her that as soon as he could get the policy and return it to the insurance company he would execute it; that he knew the policy was not lost; that he visited his mother about three times a year and she accompanied him every time; that each time he requested of his sister and mother that they get him the policy and that they said that it was not in their possession but that they would get it and mail it to him later; that on one occasion, Easter of 1960, he went through his trunk at his mother's home in the widow's presence and made a very thorough search for the policy, but it was not there; that at that time the insured's mother went to her trunk and brought some papers for him to look

through to see if the policy was there; that the last time he made a request and had a discussion about the production of the policy was on April 15, 1961, two days before his death; and that he told his mother and sister he wanted to find the policy to have the beneficiary changed to his wife.

The insured's mother testified that she did not at any time have the policy; that the insured made repeated requests for the policy; that he looked through his trunk for it; and that she helped him look for it and went through her personal things.

The insured's niece testified that she never had the policy; that she visited Blytheville twice when the insured and his wife were there; that on one of these occasions he asked her if she still had the policy in her lock box and she told him that she didn't have it because she had never had the policy and he knew it; and that she found the policy in her uncle's trunk after his death.

The insured's sister, who lived with their mother, on one occasion stated that she had paid premiums on the policy for a short while and did not think the beneficiary should be changed.

The District Judge was of the opinion that under the facts of this case it was immaterial whether the policy was merely misplaced or the insured's sister deliberately withheld the policy from the insured to prevent the change of beneficiary. Accordingly, he made no finding on the issue of whether the insured's sister deliberately withheld the policy from the insured.

It was agreed by the parties that the law of Arkansas applied. The District Judge, relying upon Tibbels v. Tibbels, 232 Ark. 857, 340 S.W.2d 590, ruled that the change in beneficiary was effective and gave judgment for the widow. This appeal followed.

■ In the Tibbels case, the insured mailed a leter to the insurance company designating a new beneficiary and was killed one and one-half hours later. In

holding the change of beneficiary effective, the Court spoke as follows:

"The weight of authority is that if the insured has done everything reasonably possible to effect a change in beneficiary, a court of equity will decree that to be done which ought to be done."

This is generally referred to as the substantial compliance doctrine. See: Bell v. Criviansky, 98 Mont. 109, 37 P.2d 673; United Benefit Life Ins. Co. v. Elliott, 11 Alaska 466; Arnold v. Newcomb, 104 Ohio St. 578, 588, 136 N.E. 206.

As stated in the Tibbels case, the substantial compliance doctrine is based upon the fact that the insured has done everything reasonably possible to effect a change in beneficiary. In that case, the insured had done all that it was reasonably possible for him to do. If the insured has not done all that it was reasonably possible for him to do, the law of Arkansas does not recognize a contemplated change of beneficiary which is still unexecuted at the time of the insured's death. Odom v. Travelers Insurance Co., 174 F.Supp. 426, 436, W.D. Arkansas; Hunter v. Federal Life Ins. Co., 111 F.2d 551, 556, C.A. 8th.

In Tomaneng v. Reeves, 180 F.2d 208, 209, C.A. 6th, involving the law of Ohio, which recognizes the substantial compliance doctrine, this Court held that where a change of beneficiary form was sent to the insured at his request which was retained in his possession unexecuted until his death some three months later, the contemplated change of beneficiary was not effected. We pointed out in that case that "Decedent failed to do all that he could to effectuate the change," namely, he had never executed the change of beneficiary form which had been sent to him for that purpose.

In the present case the insured had previously effected a change in beneficiary and knew that it was necessary to execute the form in order to make his intention effective. He never did so, although he retained possession of the form without executing it for some four and a half years. Under our ruling in Tomaneng v. Reeves, supra, 180 F.2d 208, this cannot be considered as substantial compliance. See also: Republic National Life Insurance Co. v. Peter C. Sackmann, et al., 324 F.2d 756 C.A. 6th.

Appellee's main contention is that the insured was excused from the requirement that the change of beneficiary form be executed because he couldn't find the policy which the company directed him to return, together with the executed form, although he made all reasonable effort to do so, and, in fact, was still making an effort to find it just prior to his death.

We think that there are two answers to this contention. First, there were two requirements stated by the company, one, to execute the form, and the other to return the policy. Although the insured might, under certain circumstances, be excused from one of these requirements, namely, to return the policy, his failure to find the policy in no way prevented him from complying with the other requirement, namely, that he execute the form. Although it may explain his failure to execute the form, it in no way prevented him from executing it. Secondly, upon his failure to find the policy within a reasonable time, it would have been the reasonable thing to do to return the executed form without the policy, advising the company of his search for it and his inability to find it, and ascertain what should be done to make the change effective. Retaining the form unexecuted for some four and one-half years, with intermittent searches for the policy and inquiries about its whereabouts, does not in our opinion meet the requirements of the substantial compliance rule, which requires the insured to do everything reasonably possible for him to do before his death to make the change effective. The fact remains that although the insured could have executed the change of beneficiary form, he did not do so.

The judgment is reversed and the case is remanded, with directions to enter judgment for the appellants, Mary Presley Hayes and Mary Van Worsley Droke.