KABBAZ ET AL., APPELLEES, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA ET AL.; KABBAZ, APPELLANT.

(No. 3-84-10—Decided July 16, 1985.)

*Moulton, Ricksecker, Wagner & Hoover* and *John L. Wagner,* for appellees.

*Kennedy, Purdy, Hoeffel, Erlsten & Gernert, Paul E. Hoeffel* and *Kenneth R. Beddow,* for appellant.

*Michael F. Colley Co., L.P.A.,* and *Frank A. Ray,* for defendant Harsco Corporation.

GUERNSEY, P.J. This is an appeal by defendant Rheta Kabbaz, the second wife of one Lee Kabbaz, from a summary judgment rendered by the Court of Common Pleas of Crawford County in favor of plaintiffs, William Kabbaz, Robert Kabbaz, Gregory W. Kabbaz and Mary Patricia Ashley, adult children of Lee Kabbaz by his first marriage, awarding to the plaintiffs the proceeds of a group life insurance policy issued by the defendant, the Prudential Insurance Company, on the life of said Lee Kabbaz and the lives of other employees of the defendant Harsco Corporation due and payable by reason of the death of Lee Kabbaz. The plaintiffs sought recovery from Prudential as the alleged beneficiaries of Kabbaz, as well as other relief not here material. Defendant Rheta Kabbaz also sought recovery of the proceeds of the policy as such alleged beneficiary as well as other relief from Prudential and from the Harsco Corporation, which other relief is not material to this appeal. Prudential paid the proceeds of the policy into the trial court and sought relief by way of interpleader as to the conflicting claims of the Kabbaz children and the Kabbaz widow.

After rendering its summary judgment in favor of the children the trial court certified the finality of that judgment under the provisions of Civ. R. 54(B) and Rheta Kabbaz thereupon initiated this appeal assigning error of the trial court as follows:

"Assignment of Error I. The trial court erred as a matter of law in considering the unsigned and unsworn answers to interrogatories of the Prudential Insurance Company, in determining the merits of appellees' motion for summary judgment dated November 17, 1982.

"Assignment of Error II. The trial court erred as a matter of law in granting appellees' motion for summary judg-ment as appellant had by affidavit and deposition demonstrated a genuine issue on two material facts, to-wit:

"1. Whether decedent Lee Kabbaz intended to designate appellees as beneficiaries of the group life insurance policy.

"2. Whether decedent Lee Kabbaz executed a change of beneficiary form designating appellant as beneficiary of the group life insurance policy."

The first assignment of error is based on the fact that the interrogatory answers were unsigned and unsworn, and a contention that both in the findings of the trial court filed on May 20, 1983, and in its judgment entered on May 23, 1983, the trial court stated:

"On November 10, 1982, Defendant Prudential Insurance Company answered interrogatories saying that 'According to Prudential's records, the designated beneficiaries are Robert J. Kabbaz, William F. Kabbaz, Mary Patricia Kabbaz, and Gregory W. Kabbaz.' "

This finding, along with the other findings, was incorporated by reference in the journal entry of summary judgment for the said plaintiffs entered on July 20, 1983.

In *Allstate Ins. Co.* v. *Rule* (1980), 64 Ohio St. 2d 67 [18 O.O.3d 299], the Supreme Court held the use of unsigned and unsworn answers to interrogatories in determining the merits of a claim to be erroneous. Although that case involved a trial, it was nonetheless erroneous for the court here to use such answers in determining a motion for summary judgment.

For that reason, the first assignment of error is well-taken.

We come then to consider the second assignment of error in both of its assertions.

It is undisputed from the evidentiary documentation properly before the trial court that the Prudential group

policy in question which covered the respective lives of the officers and other employees of the Perfection-Cobey Co. division of the parent company, Harsco Corporation, contained the following beneficiary provisions pertinent to death claims against the insurer:

"Any insurance under the Group Policy becoming payable on account of the death of an Employee will be payable to the person designated by him as his Beneficiary on a form satisfactory to Prudential * * *.

"At any time the Employee may, without the consent of his Beneficiary, change the Beneficiary by filing written notice of the change through the Policyholder on a form satisfactory to Prudential. The new designation will take effect on the date the notice was signed, except that it will not apply as to any amount paid by Prudential before receipt of the notice."

It was the usual practice of Prudential and Perfection that the original designation of beneficiary and change of designation of beneficiary be accomplished and memorialized by a covered employee filling out a printed card to such effect, which card was then placed in the Perfection personnel file of the employee where it usually remained at least until after a death claim was filed.

This usual practice was not followed with respect to Lee Kabbaz and his beneficiaries for at least one or more of the following reasons:

1. Lee Kabbaz had transferred to Perfection from another division of Harsco and upon arrival at Perfection, where he became president of the division, advised the pertinent personnel officers of Perfection that his group life insurance was being handled by Harsco.

2. The life insurance of the executive officers of Perfection was handled in a different, and more confidential, fashion than that of the other employees of the division and, paraphrased as one personnel officer testified, "You do what the President tells you to do."

3. The claim of plaintiffs as beneficiaries is based on an inter-office memorandum dated February 18, 1977, initialed by Kabbaz and directed to his vice president in charge of personnel matters, directing him to "take steps immediately to change the beneficiary from Babette M. Kabbaz (who is to be eliminated) and list as beneficiaries in equal shares" the four named plaintiffs. A copy of this memorandum was found after the death of Kabbaz both in the personnel file which the vice president maintained, and in a confidential personnel file where beneficiary designations were ordinarily filed.

4. The claim of defendant-appellant as beneficiary is based on her contention that at a date later than February 18, 1977, both she and Kabbaz made out change of beneficiary cards, his card seen by her as designating her as his new beneficiary, and placed them in envelopes and dispatched them via the inter-office mail system to the appropriate personnel offices where her and his personnel files were maintained. None of these cards was found in any file after the death of Kabbaz.

The application of procedural rules, and the results of such application, in cases involving interpleader of insurance claims on the motion or behest of the insurer, are greatly modified by the character of the legal relationships resulting from the interpleader. A leading case on the subject of such interpleader is *Atkinson* v. *Metropolitan Life Ins. Co.* (1926), 114 Ohio St. 109, wherein the Supreme Court held:

"1. Where a life insurance policy contains therein written a condition that such 'policy is written with the right of the insured to change the beneficiary,' such right is absolute and may be exercised at any time during the lifetime of the insured and the consent of the insurance company is not essential thereto.

"2. The mode and manner of making such change by the insured is subject to reasonable regulations, provided that such regulations are expressed in the insurance policy.

"3. Where the policy contains a provision concerning the change of beneficiary, that the same can be made 'by filing written notice thereof at the home office of the company, accompanied by the policy for suitable indorsement,' any notification in writing by the insured, or his agent, designating a different beneficiary, which communication is accompanied by the policy, is sufficient to effect the change, and the new beneficiary therein designated is entitled to receive payment of the proceeds of the policy without further action on the part of the insurance company.

"4. The provisions in a policy of insurance regulating the mode and manner of making a change of beneficiary are for the benefit of the insurance company and may be waived by it.

"5. In the event of a controversy between a former named beneficiary and a new beneficiary, if the insurance company interpleads in an action by a claimant to recover the proceeds of the policy it thereby waives any interest in the outcome of the action and thereupon the cause shall proceed between the respective claimants uninfluenced by any rights or interests of the insurance company."

See, also, *Glen* v. *Aetna Life Ins. Co.* (1943), 73 Ohio App. 452 [29 O.O. 132], motion to certify overruled (May 26, 1943), and *Union Central Life Ins. Co.* v. *Macbrair* (1940), 66 Ohio App. 144 [19 O.O. 402].

We gather from these authorities that although compliance with policy provisions for a change of beneficiary may be necessary to conclusively establish the rights of an alleged beneficiary against the insurance company, in a situation where the insurance company interpleads the proceeds of the policy, something less than complete compliance with the policy provisions for a change of beneficiary may be sufficient to establish the right of one alleged beneficiary against another. Although Civ. R. 22 dealing with interpleader extends beyond traditional equitable interpleader, we are of the opinion that the principles of equitable interpleader as set forth in the *Atkinson* case still survive in application to the facts and procedural aspects of the current case. We are somewhat supported in this conclusion by the words of Chief Justice Marshall in *Waters* v. *Corlett* (1931), 123 Ohio St. 632, 635, where he said:

"While interpleader is in some measure regulated by the Code, its essential principles find their origin in the common law, and have not been modified in the least by statutory regulations." In that case the Supreme Court held:

"3. Such a proceeding [interpleader] is of equitable cognizance; the rights of the claimants are asserted against the fund and the court sits as a chancellor to determine questions of superiority."

Here, Prudential has abandoned any claim of right to refuse to pay the proceeds of the policy to whichever claimant proves his paramount interest as beneficiary to the satisfaction of the trial court and makes no contention as to which claimant shall prevail. We, and the trial court, are not concerned with whether either the plaintiff children or the defendant widow established their or her right as beneficiary to the satisfaction of the insurer. They each assert rights as beneficiary based on different acts of the decedent.

In *Cannon* v. *Hamilton* (1963), 174 Ohio St. 268, 272 [22 O.O.2d 331], in an opinion unanimously concurred in, Judge Zimmerman cited with approval a well-established rule of law from 46 Corpus Juris Secundum (1946) 433, Insurance, Section 1319, that, "[i]n an action involving the rights of the named beneficiary as against other persons to

the proceeds of the policy, the burden is ordinarily on the latter to show that they, and not the named beneficiary, have a right to the proceeds." This rule, of course, must yield here to the fact that, except for a contention of Prudential, which may not be considered because of the interpleader and because it was not made in a manner which may be considered on a motion for summary judgment, no one is a "named beneficiary," it being our opinion that in the sense intended by this rule a "named beneficiary" is one established in substantial compliance with policy requirements.

Accordingly, we have two opposing sets of claimants, each relying on different facts in support of their claims. Even if it should appear, or were conceded, that as between the decedent and his children the decedent had made a sufficient designation of them as beneficiaries of his insurance, the issue remains as to whether the decedent, without considering any interest of Prudential, terminated such designation and designated his widow as beneficiary. Thus, there are multiple issues of fact not resolved by the evidentiary documents filed in support of or contra the motion for summary judgment. Each of these issues of fact depends to some extent on weight and credibility of the evidence, testimonial and otherwise, as it bears on the decedent's intent as well as his actions.

Accordingly, it is our opinion that the trial court committed error prejudicial to the appellant as set forth in both the first and the second assignments of error, requiring reversal of the summary judgment and remand with instructions to overrule the motion for summary judgment, and for further proceedings as provided by law.

*Judgment reversed and cause remanded.*

COLE and MILLER, JJ., concur.