OPINION
Defendant-appellant, Miriam W. Todd, appeals from a decision and entry of the Franklin County Court of Common Pleas overruling her motion for leave to file an answer to plaintiff's amended complaint in interpleader, and leave to file a cross-claim against defendant-appellee, Bird Feeders of America, Inc ("BFA"). Plaintiff-appellee, Insura Property and Casualty Company ("Insura") brought this interpleader action seeking proper distribution of insurance proceeds under a commercial policy issued to BFA.
The complaint in interpleader alleged that Insura had issued to BFA a commercial policy covering BFA's manufacturing facility. The facility was eventually destroyed by fire. At the time of the fire, the complaint alleged, the claims of several commercial creditors as well as those of the holders of numerous promissory notes issued by BFA exceeded the $70,000 limits of the Insura policy. Insura therefore requested the court to adjudicate the relative priority of the various claims against BFA, and issue an order governing distribution of the insurance proceeds. Appellant was named, along with numerous other note holders, as a party-defendant in Insura's amended complaint filed on June 29, 1995.
Appellant never filed a responsive pleading to this amended complaint. On January 5, 1996, appellant was served with "plaintiff's statement of claims received and explanation." This statement by Insura enumerated the various claims to the insurance proceeds of which Insura had been directly or indirectly informed, the basis for the claims, and the extent to which the various claimants had acted to preserve their rights to the interpled funds. Appellant failed to respond.
On December 6, 1995, the trial court issued a "scheduling order" instructing all parties and claimants who wished to preserve their claim to a pro rata share of the insurance proceeds to respond directly to the trial court within sixty days of the issuance of the scheduling order. Appellant was served with a copy of this scheduling order, but again failed to file a response with the trial court. On August 21, 1997, the trial court issued its decision allocating the insurance proceeds among various creditors and claimants. In the decision, the trial court recognized, among others, appellant's promissory note in the amount of $5,000, but did not award her a share of the insurance proceeds. The court held that note holders who had not responded to Insura's complaint in interpleader, the amended complaint, or the December 6, 1995 scheduling order would be precluded from taking a share. The trial court's decision was not journalized at that time. In approximately September 1997, a proposed journal entry was circulated among the parties, which awarded the insurance proceeds in accordance with the trial court's August 21, 1997 decision. The parties on appeal appear to agree that appellant rejected this proposed judgment entry. However, the time and manner of such rejection is not clearly reflected in the record. Appellant does not assert, nor does the record reflect, that she made any formal filing with the trial court, via answer or motion, at this time.
In October 1997, three note holders filed motions seeking reconsideration of the trial court's August 21, 1997 decision. All three asserted that they had filed responsive pleadings in the matter and should be included in the distribution of the proceeds. Appellant was not one of these three note holders and did not file her own corresponding motion. The trial court sustained the motions for reconsideration, and on July 29, 1998, issued its revised decision which included the three challenging note holders in the distribution.
On August 31, 1998, apparently in response to the trial court's latest decision, appellant ultimately filed under Civ.R. 6(B) (2) her motion for leave to file an answer and cross-claim in the interpleader action. On October 29, 1998, the trial court entered judgment in accordance with its prior decisions of August 21, 1997 and July 29, 1998, distributing the insurance proceeds to the various creditors and note holders of BFA. Also, on October 29, 1998, the trial court entered its decision and judgment entry overruling appellant's motions for leave to file her answer and cross-claim.
Appellant has timely appealed and brings the following assignments of error:
 1. The trial court below erred to the prejudice of defendant-appellant Miriam W. Todd by overruling the defendant-appellant's motion for leave to file an answer to the amended complaint and crossclaim against defendant Bird Feeders of America, Inc.
 2. The trial court below erred to the prejudice of defendant-appellant Miriam W. Todd by entering which excluded the defendant-appellant from the distribution of funds herein.
The two assignments of error present essentially the same issue and will be addressed together. Interpleader in Ohio is governed by Civ.R. 22 and is available to a party who may be exposed to double or multiple liability for an admitted debt. The purpose of interpleader is to "expedite the settlement of claims to the same subject matter, prevent multiplicity of suits, with the attendant delay and added expense, and to provide for the prompt administration of justice. " Sharp v. Shelby Mutual Ins.Co. (1968), 15 Ohio St.2d 134, 144. Interpleader remains an action in equity, with the court sitting as a chancellor to decide the claimants' relative rights and priority to the interpled funds. Kabbaz v. Prudential Ins. Co. (1985), 27 Ohio App.3d 254.
Civ.R. 6(B) provides:
 When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *."
Appellant's affidavit filed in support of her motion to file an answer and cross-claim asserts that she was the holder of a $5,000 promissory note issued by BFA, which had failed to repay the principal and interest as agreed on the due date of December 31, 1993. Appellant's affidavit further asserts that she had remitted a copy of the promissory note to attorneys for Insura; that she believed that by doing so that she was preserving her rights in the interpleader action; and that she attended court hearings and periodically contacted counsel for Insura about the progress of the case. The affidavit does not assert that appellant at any time prior to her motion for leave in August 1998 filed any responsive pleading in the action whatsoever, nor does the affidavit assert that appellant had failed to receive service of any of the significant pleadings in the matter. In particular, there is no doubt that appellant was served with the trial court's December 6, 1995 scheduling order requiring all note holders who wish to participate in a share of the proceeds to file their response with the trial court within sixty days.
A trial court's Civ.R. 6(B) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of abuse of discretion.Miller v. Lint (1980), 62 Ohio St.2d 209, 213. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Rock v. Cabrall (1993), 67 Ohio St.3d 108, 112. Under the present circumstances, we find no abuse of discretion on the part of the trial court.
Appellant seeks to have herself placed on the same footing as the three other note holders who were admitted into distribution of the proceeds upon motion for reconsideration. We note, however, that appellant never filed her own motion for reconsideration at that time, and furthermore that appellant, unlike the other three note holders, had never filed a response to the December 6, 1995 scheduling order. Appellant was therefore not in the same position as the other note holders.
A detailed review of the record of this case, as it proceeded through the trial court, reveals a matter of considerable complexity with a multitude of note holders and other creditors, numerous issues of self-dealing which affected the priority of various claimants, and all the other problems attendant to multi-party litigation over the carcass of an insolvent corporate debtor. The trial court appears to have extended the greatest latitude to various of the less-sophisticated note holders and creditors, in an attempt to fully and faithfully exercise its equitable powers over the matter with due consideration to the merits of each claim. The trial court permitted and took notice of various technically imperfect filings of such note holders, including some that were handwritten. The trial court was not, however, in a position to take notice of appellant's mere silence presence on the fringes of this litigation. While the ultimate outcome of this matter is extremely unfortunate for appellant, as it has been to some degree to all note holders and creditors of BFA, all litigation requires some finality, and we find no abuse of discretion on the part of the trial court in drawing such a line of finality prior to appellant's attempt to begin active participation in the litigation some three years after Insura's complaint in interpleader was filed.
We accordingly find that appellant's two assignments of error are without merit and shall be overruled, and the judgment of the Franklin County Court of Common Pleas denying her motion for leave to file an answer and cross-claim is affirmed.
Judgment affirmed.
BRYANT and TYACK, JJ., concur.