DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kristine Brave Desch ("Desch"), appeals from the judgment of the Summit County Court of Common Pleas, which entered summary judgment against her, and in favor of Appellee, Saundra Leitch ("Leitch"), and found Leitch as the beneficiary of Steven Desch's life insurance policy. This Court reverses.
 I. {¶ 2} Leitch and Mr. Desch met around 1983, and began co-habitating shortly thereafter. Their relationship lasted until approximately 2000. During their relationship, Leitch and Mr. Desch held themselves out as being married, and even considered themselves as husband and wife. In 1995, Mr. Desch obtained a life insurance policy through Colonial Life *Page 2 
and Accident Insurance Co. ("Colonial Life"), which named Leitch as his "wife" and beneficiary of the policy. When the relationship ended in, or around 2000, no formal divorce was obtained.
 {¶ 3} Subsequently, both Leitch and Mr. Desch eventually remarried. Desch and Mr. Desch were married on July 14, 2006. Mr. Desch died three days later on July 17, 2006.
 {¶ 4} On March 20, 2007, Colonial life filed a "complaint for interpleader" because of the "conflicting claims of Saundra Ray Leach [sic] and Kristine Brave Desch and the apparent rights of Mr. Desch's estate[.]" On February 5, 2008, Leitch filed a motion for summary judgment. On February 12, 2008, Desch filed a motion for summary judgment. On May 15, 2008, the trial court granted Leitch's motion for summary judgment, and denied Desch's. Desch timely appeals. This Court rearranges the assignments of error to facilitate review.
 II. ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO SAUNDRA LEITCH, FINDING AS A MATTER OF LAW THAT STEVEN DESCH DID NOT INTEND TO CHANGE HIS LIFE INSURANCE BENEFICIARY DESIGNATION."
 {¶ 5} Desch argues that the trial court erred in granting summary judgment against her claim that Mr. Desch intended to remove Leitch as the beneficiary of his life insurance policy. This Court agrees.
 {¶ 6} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civ. R. 56(C), summary judgment is proper if: *Page 3 
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 8} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ. R. 56(C), Civ. R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,449.
 {¶ 9} Generally, life insurance polices include a procedure by which those insured by the policy can designate or change their beneficiaries; however, "[i]t has long been the rule in Ohio that those procedures are intended to protect the insurer from duplicate liability and the insurer is free to waive them." Kelly v. May Assoc. Fed. Credit Union, 9th Dist. No. 23423, 2008-Ohio-1507, at ¶ 13, citing Rindlaub v. Traveler's Ins.Co. (1963), 175 Ohio St. 303, 305; Atkinson v. Metropolitan Life Ins.Co. (1926), 114 Ohio St. 109, paragraph four of the syllabus. Furthermore, where an insurer interpleads insurance proceeds that are the subject of multiple claims, the insurer waives "any interest in the resolution of the claims, including enforcement of the procedure set forth in its policy for designating and changing beneficiaries."Kelly at ¶ 13, citing Rindlaub, 175 Ohio St. at 305; Atkinson, 114 Ohio St. at paragraph five of the syllabus. *Page 4 
Therefore, "[i]n such a case, if the insured communicated to the insurer her `clearly expressed intent' to change beneficiaries, the proceeds will be paid to the newly designated beneficiary rather than the originally designated beneficiary even though the insured failed to comply with the process set forth in the policy." Kelly at ¶ 13, citingRindlaub, 175 Ohio St. at paragraph two of the syllabus.
 {¶ 10} However, where the facts show that the "insured did not communicate to the insurer, or to those who cared for such matters, his clearly expressed intention to name a new beneficiary, the claimant alleging to be the new beneficiary must show: (1) that the insured communicated, to some other person, his clearly expressed intention to name a new beneficiary, and (2) that the insured took, or directed someone to take on his behalf, sufficient steps to notify the insurer or to carry out his intent." Donahue v. Carpenter (Mar. 31, 1992), 6th Dist. No. 91WD057, citing Rindlaub, 175 Ohio St. at 306; Arnold v.Newcomb (1922), 114 Ohio St. 578, 588; Kabbaz v. Prudential Ins.Co. (1985), 27 Ohio App.3d 254; Benton v. United Ins. Co. ofAmerica (1959), 110 Ohio App. 151, 158; Union Cent. Life Ins. Co. v.MacBrair (1940), 66 Ohio App. 144; Pipe Fitters' Local No.392 Pension Plan v. Huddle (S.D.Ohio 1982), 549 F. Supp. 359, 361; Tomaneng v.Reeves (C.A.6, 1950), 180 F.2d 208.
 {¶ 11} In the case at hand, Leitch provided language from the life insurance policy in question to show the procedure by which the insured, Mr. Desch, could have changed the beneficiary of the policy in question. After specifying the insured's right to change the beneficiary, the policy provided that the policy holder would need to "[n]otify us and we will send you a form to complete. * * * If the form is properly completed, the change will go into effect the day you sign the request." Leitch argued that Mr. Desch had plenty of time to complete the change of beneficiary process, and that "[i]f it was his true intent to change the *Page 5 
beneficiary, he would have done so." Furthermore, Leitch argued that Mr. Desch "did not do anything that could be considered substantial compliance with the policy requirements." In providing the above, Leitch met her burden under Dresher to "point to evidentiary materials that show that there is no genuine issue as to any material fact."Dresher, 175 Ohio St.3d at 293.
 {¶ 12} In response, Desch provided evidence from her deposition testimony showing that Mr. Desch had intended to change the beneficiary. Desch provided that Mr. Desch had expressed his wish to remove Leitch as beneficiary; that he contacted Colonial Life expressing his wish to change the beneficiary and inquired as to how he could do so; and that he received a change of beneficiary card from Colonial Life, but failed to properly fill it out and send it back to Colonial Life before his death.
 {¶ 13} In coming to its conclusion that "no genuine question of material fact remains regarding Mr. Desch's failure to change the named beneficiary on his life insurance policy[,]" the trial court found that it was impossible for the court to identify the "clear intention" of Mr. Desch, or for the court to find that "he had made every reasonable effort to effectuate" a change of the named beneficiary.
 {¶ 14} However, when viewing the evidence most strongly in favor of Desch, and resolving all doubt in her favor, it is clear that Desch provided evidence fulfilling her reciprocal burden underTompkins showing that a genuine triable issue exists. Desch set forth specific facts showing that Mr. Desch had expressly stated his intention to remove Leitch as beneficiary, and that he had taken affirmative steps towards removing Leitch as beneficiary of his Colonial Life policy. Although he never completed the appropriate paperwork to formally change his beneficiary, reasonable minds could find that Desch "clearly expressed" his intent to change his beneficiary despite his failure to comply with the formalities of the policy. See Kelly, supra. *Page 6 
Therefore, a genuine triable exists, and summary judgment is inappropriate as to whether Mr. Desch intended to change his life insurance beneficiary.
 {¶ 15} Desch's second assignment of error is sustained.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO DEFENDANT SAUNDRA RAY LEITCH, WHEN SUCH DEFENDANT IS BARRED BY EQUITABLE ESTOPPEL FROM RECEIVING THE PROCEEDS OF STEVEN DESCH'S INSURANCE POLICY."
 {¶ 16} Desch argues that the trial court erred in finding that Leitch was not estopped from receiving the benefits of Mr. Desch's life insurance policy pursuant to R.C. 1339.63(B)(1), recodified effective January 1, 2007, as R.C. 5815.33(B)(1). However, this Court declines to address the merits of this argument as genuine issues of material fact exist as to whether Mr. Desch's intention to remove Leitch as beneficiary effectuated a change of his life insurance beneficiary.
 CROSS-ASSIGNMENT OF ERROR "IN ITS ORDER FOR SUMMARY JUDGMENT, THE TRIAL COURT ERRED BY FINDING AS A MATTER OF LAW THAT STEVEN DESCH AND SAUNDRA RAY LEITCH WERE COMMON LAW HUSBAND AND WIFE."
 {¶ 17} Leitch argues that the trial court erred in ruling that she and Mr. Desch were common law husband and wife. This Court declines to address this argument.
 {¶ 18} Although Leitch did not file a notice of appeal from the judgment of the trial court, she attempts to raise a cross-assignment of error pursuant to R.C. 2505.22. In pertinent part, R.C. 2505.22
provides, in relevant part:
 "In connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part." *Page 7 
However, such assignments of error raised by appellees who have not filed a notice of appeal may only be "used by the appellee as a shield to protect the judgment of the lower court but may not be used by the appellee as a sword to destroy or modify that judgment." Glidden Co. v.Lumbermens Mut. Cas. Co., 112 Ohio St.3d 470, 2006-Ohio-6553, at ¶ 32, quoting Parton v. Weilnau (1959), 169 Ohio St. 145, 171. Furthermore, App. R. 3(C) provides that "[a] person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order * * * shall file a notice of cross appeal * * *."
 {¶ 19} Here, Leitch argues that "the Trial Court erred by finding as a matter of law that [Mr.] Desch and []Leitch were common law husband and wife." In raising this argument, Leitch attempts to protect her interest in having the trial court's ruling affirmed; however, the argument raised would not be a protection to the judgment of the lower court, but, rather is an attempt to modify the trial court's holding. Therefore, this argument would be more a "sword" used by Leitch to change the judgment of the trial court, and not the "shield" anticipated in Parton and Glidden. Accordingly, because Leitch failed to properly file a notice of cross appeal, this Court cannot address her cross-assignment of error.
 III. {¶ 20} Desch's second assignment of error is sustained. This Court declines to address Desch's first assignment of error, and Leitch's cross-assignment of error. The judgment of the Summit County Court of Common Pleas is reversed, and the cause remanded for further proceedings consistent with this opinion.
 Judgment reversed, and cause remanded. *Page 8 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
 WHITMORE, J. MOORE, J. CONCUR. *Page 1