OPINION
{¶ 1} Plaintiffs-appellants, L. David Burgess (individually, Burgess) and his wife Kathy Burgess, appeal from a judgment of the Franklin County Court of Common Pleas denying their motion for summary judgment and granting the summary judgment motion of defendant-appellee, Erie Insurance Group ("Erie"). Because the trial court properly granted summary judgment to Erie and properly denied plaintiffs' motion for summary judgment, we affirm. *Page 2 
 {¶ 2} On September 11, 2004, while operating a motorcycle his father owned, Burgess was involved in an accident that an uninsured motorist allegedly caused. At the time of the accident, plaintiffs were insured under an automobile liability policy Erie issued that included uninsured/underinsured motorist ("UM/UIM") coverage in the amount of $100,000 per person and $300,000 per accident. The motorcycle Burgess was operating at the time of the accident was not listed as a covered vehicle on the policy. Based upon a policy exclusion, Erie refused to pay UM/UIM benefits.
 {¶ 3} Plaintiffs subsequently filed an action seeking a declaration that the policy provides plaintiffs UM/UIM coverage. Plaintiffs further alleged breach of contract, bad faith, and wanton misconduct in Erie's denying their claim; Kathy Burgess asserted a claim for loss of consortium. Plaintiffs and Erie filed cross-motions for summary judgment. The trial court issued a decision denying plaintiffs' motion for summary judgment and granting summary judgment in favor of Erie, journalizing its decision on August 16, 2006. Plaintiffs appeal, assigning three errors:
 [I.] Trial court committed prejudicial error in holding that there is no ambiguity found in Exclusion No: 5 of Erie Insurance Group's Uninsured/Underinsured Motorist Endorsement.
 [II.] Trial court committed prejudicial error when it improperly redrafted and distorted the subject Erie Insurance Group's policy of insurance in order to deny Appellants coverage in this matter.
 [III.] Trial court committed prejudicial error when it denied Appellants' Cross-Motion for Summary Judgment as the subject Uninsured/Underinsured Motorist Endorsement provides coverage for bodily injury that Appellant's [sic] are legally entitled to recover form [sic] an uninsured tortfeasor. *Page 3 
 {¶ 4} Plaintiffs' assignments of error arise out of the trial court's summary judgment rulings and thus will be discussed together. An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination. Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. In conducting our review, this court applies the same standard the trial court employed.Maust v. Bank One, Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. Summary judgment should be rendered only where the evidence demonstrates that: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v.State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 5} In Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, the Ohio Supreme Court held that "[f]or the purpose of determining the scope of coverage of an [uninsured or] underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Id. at syllabus. The policy at issue here was issued on July 24, 2004; accordingly, the most recent version of R.C.3937.18, as amended by S.B. No. 97 and effective October 31, 2001, controls.
 {¶ 6} R.C. 3937.18 permits an insurer to effectively limit UM/UIM coverage through a provision commonly known as the "other owned auto" exclusion. In particular, R.C. 3937.18(I)(1) provides, as relevant here, an insurance policy that includes UM/UIM *Page 4 
coverage may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured when the insured is "operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made * * *."
 {¶ 7} The Erie policy includes an "other owned auto" exclusion which provides, in pertinent part:
 What We Do Not Cover — Exclusions
This insurance does not apply:
 * * *
 5. to bodily injury to anyone we protect while operating occupying, or when struck by a motor vehicle owned by, furnished to, or available for the regular use of you or a resident relative, if the motor vehicle is not specifically identified in the policy for Uninsured/Underinsured Motorists Bodily Injury Coverage, or is not a newly acquired or temporary substitute auto covered under the terms of this policy for Uninsured/Underinsured Motorist Bodily Injury Coverage.
See Policy No. Q07 7450277, Uninsured/Underinsured Motorists Bodily Injury Coverage Endorsement — Ohio, at 2.
 {¶ 8} In its motion for summary judgment, Erie argued the foregoing exclusion precludes UM/UIM coverage because the motorcycle Burgess was operating at the time of the accident was furnished to him and available for his regular use and is not listed as a covered vehicle under the policy. In contrast, plaintiffs argued in their cross-motion for summary judgment that the exclusion is ambiguous because the term "operating *Page 5 
occupying" is not defined in the policy and is susceptible of numerous reasonable interpretations regarding the scope of the exclusion. Given the alleged ambiguity, and construing it in their favor and against Erie, plaintiffs assert the exclusion is unenforceable. Plaintiffs further argued that even if the exclusion is enforceable despite its ambiguity, it is inapplicable because the subject motorcycle was not available for Burgess's regular use. In the end, plaintiffs maintained that absent the exclusion, they are entitled to UM/UIM coverage pursuant to the general policy language providing for coverage for bodily injury resulting from a motor vehicle accident that an uninsured motorist causes.
 {¶ 9} The trial court found no ambiguity in the "operating occupying" language in the exclusion. In particular, the court rejected plaintiffs' urging that the terms must be read together as one action rather than as two separate actions, finding that such an exercise resulted in a "nonsensical sentence devoid of meaning." (Trial Court June 19, 2006 Decision, at 5.) The court determined that the only reasonable interpretation of the challenged language was to treat the terms "operating" and "occupying" as separate actions despite the absence of a comma separating them. The trial court further concluded no genuine issue of fact existed that, at the time of the accident, Burgess was operating a motor vehicle his father "furnished to" him that was not specifically identified in the policy. Accordingly, the court determined that because the "other owned auto" exclusion applied, plaintiffs are not entitled to UM/UIM coverage under the policy.
 {¶ 10} Settled law dictates that interpretation of an automobile liability insurance policy presents a question of law to be reviewed without deference to the trial court. See, *Page 6 
e.g., Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108. In interpreting an automobile liability insurance policy, a court's role "is to give effect to the intent of the parties to the agreement." Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, at ¶ 11. In so doing, courts "examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy." Id., citing Kelly v. Med.Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. "Stated differently, the court has the duty to enforce insurance contracts as made by the parties, and not to rewrite or distort, under the guise of judicial construction * * *." Motorist Ins. Cos. v. BFIWaste Mgmt. (1999), 133 Ohio App.3d 368, 375.
 {¶ 11} When the language utilized in an insurance policy is clear and unambiguous, the policy must be enforced as written, giving words used their plain and ordinary meaning. Cincinnati Indemn. Co. v. Martin
(1999), 85 Ohio St.3d 604, 607, citing Hybud Equip. Corp. v. SphereDrake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 665. However, "[w]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." Clark v. Scarpelli
(2001), 91 Ohio St.3d 271, 282, quoting King v. Nationwide Ins. Co.
(1988), 35 Ohio St.3d 208, syllabus.
 {¶ 12} "This general principle applies with even greater force to language that purports to limit or to qualify coverage." Watkins v.Brown (1994), 97 Ohio App.3d 160, 164, citing Am. Financial Corp. v.Fireman's Fund Ins. Co. (1968), 15 Ohio St.2d 171, 173. (Further citations omitted.) "If an exclusionary clause will reasonably admit of an interpretation that would preserve coverage for the insured, then as a matter of law, a *Page 7 
court is bound to adopt the construction that favors coverage."Watkins, citing Lester v. State Farm Mut. Auto. Ins. Co. (1989),64 Ohio App.3d 52, 54. (Further citations omitted.) "However, if an exclusionary clause has only one reasonable interpretation, a court is bound to enforce the provision accordingly." Watkins, citing ProgressiveSpecialty Ins. Co. v. Easton (1990), 66 Ohio App.3d 177, 180.
 {¶ 13} Initially, we note plaintiffs do not dispute the trial court's conclusion that the subject motorcycle was "furnished to" Burgess and is not specifically identified in the policy as a covered vehicle. Plaintiffs contest only the trial court's conclusion that the phrase "operating occupying" is not ambiguous and thus does not render the exclusion unenforceable. Plaintiffs contend Erie purposefully and intentionally chose to employ the phrase as a single, grammatical phrase by drafting it without the disjunctive punctuation it used in the phrase "owned by, furnished to, or available for." Plaintiffs argue that since Erie failed to define the phrase in the policy, and no commonly understood meaning of the phrase exists, the phrase is patently ambiguous. Plaintiffs contend the trial court recognized this ambiguity in concluding the phrase was "nonsensical," but then acted in derogation of contract and insurance law in construing the provision to include two separate actions.
 {¶ 14} The parties do not cite any case law addressing the phrase "operating occupying" in the context of an "other owned auto" exclusion, and our own independent research has found none directly on point. Thus, this issue appears to be one of first impression in Ohio. We, however, concur in the trial court's conclusion that the language *Page 8 
at issue in the policy is reasonably susceptible of only one interpretation: the terms "operating" and "occupying" must be read separately to describe two different actions.
 {¶ 15} R.C. 3937.18(A)(1), the statute which permits an insurer to preclude UM/UIM coverage under specified circumstances and from which the exclusionary language was undoubtedly drawn, utilizes a comma to separate the terms "occupying" and "operating," signaling the General Assembly's intention to describe two different actions. Erie, modeling its exclusion after the language of the statute, apparently similarly intended to describe "operating" and "occupying" as two separate actions.
 {¶ 16} "While the rule of strict interpretation is a fundamental principle in insurance law, it is tempered by other canons of construction that seek to bring balance and reason to the analysis."Felton v. Nationwide Mut. Fire Ins. Co., 163 Ohio App.3d 436,2005-Ohio-4792, at ¶ 18. For instance, the Ohio Supreme Court stated the rule of strict construction "will not be applied so as to provide an unreasonable interpretation of the words of the policy."Westfield, supra, at ¶ 14, quoting Morfoot v. Stake (1963),174 Ohio St. 506, paragraph one of the syllabus. In addition, courts have held that a contract "should be construed reasonably, so as not to arrive at absurd results." Felton, supra, quoting Budai v. Euclid Spiral Paper TubeCorp. (Jan. 22, 1997), Wayne App. No. 96CA0046, quoting Cincinnati v.Cameron (1878), 33 Ohio St. 336. Similarly, an insurance contract "must be given a fair and reasonable interpretation to cover the risks anticipated by the parties." Felton, quoting Boxler v. Allstate Ins.Co. (Feb. 27, 1991), Summit App. No. 14752. *Page 9 
 {¶ 17} The term "occupying" is defined in the policy as "in or upon, getting into, or getting out of." (See Policy No. Q07 7450277, at 4.) The term "operating" is not defined in the policy, and, as such, must be given its common, ordinary, and usual meaning. Cincinnati Indemn.Co., supra. This court, in State v. Fleming, Franklin App. No. 01AP-1117, 2002-Ohio-2305, defined the term, though not in an insurance context, as follows: "[t]he verb operate according to its common definition `requires some affirmative act of running or controlling the functioning of the vehicle * * *' ." Id. at ¶ 8, quoting State v.Lewis (1999), 131 Ohio App.3d 229, 237. One lexicographer defines the verb "operate" as "to work or use a machine, apparatus, or the like." Webster's Encyclopedic Unabridged Dictionary of the English Language (1997), 1009.
 {¶ 18} Employing these definitions, a person can be occupying a vehicle without operating it, but cannot be operating a vehicle without occupying it. Indeed, at oral argument plaintiffs' counsel was unable to suggest any circumstance in which a person could be operating a vehicle without occupying it. Because a person must be occupying a vehicle while operating it, the use of the term "occupying" in the phrase "operating occupying" is not necessary and would therefore be redundant. Thus, the only reasonable construction of the phrase is to read the terms as two separate actions, despite the lack of a comma between them.
 {¶ 19} As such, we concur in the trial court's analysis and construction of the policy exclusion. Under the facts of this case, no ambiguity exists in the exclusionary language "operating occupying," and we reject the strained construction plaintiffs offer. As plaintiffs concede no genuine issue of fact exists that, at the time of the accident, Burgess was *Page 10 
operating a motor vehicle furnished to him and not specifically identified as a covered vehicle in the policy, the "other owned auto" exclusion applies to preclude UM/UIM coverage, and Erie is entitled to judgment as a matter of law. Accordingly, the trial court properly granted Erie's motion for summary judgment and denied plaintiffs' motion for summary judgment.
 {¶ 20} For the foregoing reasons, plaintiffs' first, second, and third assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 PETREE and KLATT, JJ., concur. *Page 1