[Cite as *Leon v. State Farm Fire & Cas. Co.*, 2017-Ohio-8168.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105306

---

# DUANE LEON, ET AL.

### DEFENDANTS-APPELLANTS

vs.

# STATE FARM FIRE AND CASUALTY COMPANY

### PLAINTIFF-APPELLEE

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-856047

**BEFORE:** Laster Mays, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:** October 12, 2017

**ATTORNEYS FOR APPELLANTS**

George J. Argie
Dominic J. Vitantonio
Argie, D'Amico & Vitantonio
6449 Wilson Mills Road
Mayfield Village, Ohio 44143


**ATTORNEYS FOR APPELLEE**

James R. Gallagher
Laura E. Plank
Gallagher, Gams, Pryor, Tallan & Littrell L.L.P.
471 East Broad Street, 19th Floor
Columbus, Ohio 43215

ANITA LASTER MAYS, P.J.:

**{¶1}** Plaintiffs-appellants Duane Leon ("Leon") and Terry May ("May") appeal the trial court's decision to grant the defendant-appellee State Farm Fire and Casualty Company's ("State Farm") motion for summary judgment. We affirm.

## I.      Facts

**{¶2}** On July 12, 2012, Leon was involved in a motorcycle accident where he claimed that an unidentified driver swerved in his lane, causing him to collide with a guardrail and sustain bodily injuries. The motorcycle was owned and insured by May under a State Farm policy. Leon was not a named insured on May's policy. In late 2012, Leon asserted a claim for uninsured motorist coverage under May's policy. The policy contains a three-year contractual limitations clause that states that legal action cannot be brought against State Farm after three years of the date of the accident.

**{¶3}** Through his attorney, Leon filed a claim in late 2012. On December 21, 2012, State Farm drafted a letter to Leon's attorney stating that State Farm may not have a duty to pay out Leon's claims because Leon may not have had a state-mandated motorcycle endorsement on his Ohio driver's license. In April 2013, Leon's attorney wrote to State Farm that he was gathering bills and medical records to forward to State Farm in order to discuss a settlement. On June 4, 2014, almost two years after the motorcycle accident, Leon's attorney corresponded with State Farm, seeking direction, and asked if there was anything they could do to protect the statute of limitations given

that the unidentified driver was unknown. Leon's attorney also stated that he and Leon were in the process of gathering Leon's medical bills and records, and would submit them to State Farm shortly. State Farm responded on June 6, 2014, stating that since the driver was unknown, Leon had three years to file a claim against State Farm directly.

{¶4} A little more than a year later, and more than three years after the accident, Leon's attorney contacted State Farm on August 3, 2015, and enclosed itemized billing, the traffic crash report, medical records, and photographs. State Farm responded on August 14, 2015, explained that the statute of limitations for uninsured bodily injury claims is three years, and after July 12, 2015, Leon could not file a claim against State Farm.

{¶5} On August 1, 2016, Leon filed a motion for summary judgment seeking a declaratory judgment on the bases that the provisions of the May's car policy 983B were ambiguous and susceptible to more than one interpretation; that it was impossible to comply with the provisions of the policy; that the enforcement of the three-year limitations provision of the policy was unlawful and unconstitutional under Ohio law; and the statute of limitations for Leon to file an action against State Farm regarding uninsured motor vehicle coverage is 15 years under Ohio law. State Farm also filed a motion for summary judgment.

{¶6} On November 30, 2016, the trial court denied Leon's motion for summary judgment and granted State Farm's motion for summary judgment. Leon filed this appeal assigning three errors for our review:

I.     The trial court erred in overruling the impossibility argument that was raised by appellants in their motion for summary judgment and in granting summary judgment in favor of State Farm, because the trial court failed to analyze the policy language and instead relied upon State Farm's interpretation of the policy;

II.     The trial court erred in overruling the ambiguity argument that was raised by appellants in their motion for summary judgment and in granting summary judgment in favor of State Farm; and

III.     The trial court erred in failing to find ambiguity in the policy language that contemplates an agreement between State Farm and the insured concerning the amount of compensatory damages that the insured is legally entitled to recover from the uninsured motorist.

## II.    Summary Judgment

### A.    Standard of Review

{¶7} "This court's review of a trial court's decision on summary judgment is de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24." *Anderson v. Ohio Bell Tel. Co.*, 8th Dist. Cuyahoga No. 104858, 2017-Ohio-7318*, ¶* 5.

### B.    Law and Analysis

{¶8} In Leon's first assignment of error, he argues that the trial court erred in overruling his argument, granting summary judgment to State Farm, because it was impossible for him to perform according to the plain language of the policy.

> Summary judgment is appropriate only when the moving party demonstrates that (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its

favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St. 3d 181, 183, 677 N.E.2d 343 (1997).

*Id.*

{¶9} In addition,

[t]he party moving for summary judgment on the ground that the nonmoving party cannot prove its case bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The moving party must specifically point to evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates the nonmoving party has no evidence to support its claims. *Id.*

Once the moving party has met its initial burden, the nonmoving party must produce competent evidence establishing the existence of a genuine issue for trial. *Id.* at 293. The nonmoving party may not rest on the mere allegations of the pleading, but must set forth specific facts, by affidavit or otherwise, demonstrating that there is a genuine triable issue. *Jackson v. Alert Fire & Safety Equip., Inc.*, 58 Ohio St.3d 48, 52, 567 N.E.2d 1027 (1991). When determining what is a "genuine issue," the court decides if the evidence presents a sufficient disagreement between the parties' positions. *Turner v. Turner*, 67 Ohio St.3d 337, 340, 617 N.E.2d 1123 (1993).

In reviewing a grant of summary judgment, we are mindful of the Ohio Supreme Court's admonition that "[s]ummary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion." *Norris v. Ohio Std. Oil Co.*, 70 Ohio St.2d 1, 2, 433 N.E.2d 615 (1982).

*Pappas v. Ippolito*, 177 Ohio App.3d 625, 2008-Ohio-3976, 895 N.E.2d 610, ¶ 36- 38

(8th Dist.).

## C. Impossibility

**{¶10}** Leon contends that it was impossible for him to comply with the plain language of the policy, given the fact that the driver who caused his motorcycle accident could not be identified. Paragraph 14 of the General Terms, entitled Legal Action Against Us, of the insurance policy states,

> Legal action may not be brought against us until there has been full compliance with all the provision of this policy. In addition, legal action may only be brought against us regarding:
>
>> c.   Uninsured Motor Vehicle coverage if the insured or that insured's legal representative within:
>>
>>> (1)   three years immediately following the date of the accident; or
>>>
>>> (2)   one year after the date the insure received notice of insolvency if the insurer of the uninsured motorist is declared insolvent.
>
> [P]resents as an Uninsured Motor Vehicle Coverage claim to us, and files a lawsuit in accordance with the Deciding Fault and Amount provision of the Uninsured Motor Vehicle coverage.
>
> No legal action may be brought against us relating to Uninsured Motor Vehicle Coverage for any cause of action that arises out of or is related to that coverage until there has been full compliance with its Consent to Settlement and Deciding Fault and Amount provisions.

Paragraph 1 of the General Terms, entitled Deciding Fault and Amount, of the insurance policy states,

> 1.   a.   The insured and we must agree to the answers to the following two questions:
>
>> (1) Is the insured legally entitled to recover compensatory damages from the uninsured motorist?

(2) If the insured and we agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the insured is legally entitled to recover from the uninsured motorist?

b.      If there is no agreement on the answer to either question in 1.a. above, then the insured shall:

(1) file a lawsuit in the proper court against

(a) us; and

(b) the uninsured motorist unless we have consented to a settlement offer proposed by or on behalf of the uninsured motorist;

(2) upon the filing of the lawsuit, immediately give us copies of the summons and complaints filed by the insured in that action;

(3) consent to a jury trial if requested by us;

(4) agree that we may contest the issues of liability and the amount of damages; and

(5) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

{¶11} According to the language of the policy, Leon had three years from the date of his accident to file a claim with State Farm and file a lawsuit in accordance with the Deciding Fault and Amount section of the policy. Leon contends that it was impossible to follow the plain language of the policy, specifically the Deciding Fault and Amount section, because it required him to file a lawsuit against State Farm and the uninsured motorist.

Impossibility of performance occurs where after the contract is entered into,

an unforseen event arises rendering impossible the performance of one of the contracting parties. *See* Calamari and Perillo, Contract (1977), 476, Section 13. However, a contracting party will not be excused from performance merely because performance may prove difficult, dangerous or burdensome. *State ex rel. Jewett v. Sayre*, 91 Ohio St. 85, 109 N.E. 636 (1914).

*Truetried Serv. Co. v. Hager*, 118 Ohio App.3d 78, 87, 691 N.E.2d 1112 (8th Dist.1997).

**{¶12}** We find that the trial court did not err in its determination that Leon was incorrect in his assertion that it was impossible to perform under State Farm's policy. The record reveals that Leon's attorney sent a letter to State Farm on June 4, 2014, asking if there was anything that he needed to do to protect the statute of limitations given that the other driver was unknown. State Farm responded on June 6, 2014 stating, "Since the tortfeasor in this case is unknown, Mr. Leon does not need to file a suit within 2 years to preserve his claim. He will only need to file within 3 years against State Farm directly * * *." We find that State Farm clearly directed Leon's attorney on how to proceed. However, Leon inaccurately claims that because this information is not in the policy, it was impossible for him to perform.

**{¶13}** We find, as the trial court determined, that without the direction from State Farm, it was still possible for Leon to comply with the policy. According to Civ.R. 15(D),

> [w]hen the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.

*Schisler v. Columbus Med. Equip.*, 10th Dist. Franklin No. 15AP-551, 2016-Ohio-3302, ¶ 20.

{¶14} Leon could have filed against State Farm either using Civ.R. 15(D) or by following State Farm's instruction. Leon was represented by counsel. It was not State Farm's responsibility to provide legal advice to Leon or his attorney, nor are they allowed to provide legal advice or engage in the practice of law.

> The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kind, and in general all advice to clients and all action taken for them in matters connected with the law. *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 193 N.E. 650, paragraph one of syllabus (1934). *See also Cincinnati Bar Assn. v. Estep*, 74 Ohio St.3d 172, 657 N.E.2d 499 (1995).

*Middleton & Assocs. v. Weiss*, 8th Dist. Cuyahoga No. 71416, 1997 Ohio App. LEXIS 2667 (June 19, 1997).

{¶15} Leon's first assignment of error is overruled.

**D.      Ambiguity**

{¶16} In Leon's second assignment of error, he contends that the trial court erred in overruling the ambiguity argument that was raised by appellants in their motion for summary judgment, and in granting summary judgment in favor of State Farm. Specifically, Leon claims that the limitations clause contained in May's State Farm policy is unenforceable against Leon because it is ambiguous and susceptible to multiple interpretations.

> A contract with clear and unambiguous terms leaves no issue of fact and must be interpreted as a matter of law. *Inland Refuse Transfer Co. v. Browning-Ferris Industries, Inc.*, 15 Ohio St.3d 321, 322, 474 N.E.2d 271 (1984). Where ambiguity exists, however, we must strictly construe those terms against the party who drafted the terms. *Faruque v. Provident Life & Acc. Ins. Co.*, 31 Ohio St.3d 34, 508 N.E.2d 949, syllabus (1987).

*Militiev v. McGee*, 8th Dist. Cuyahoga No. 94779, 2010-Ohio-6481, ¶ 29. However, "[a] contract is ambiguous if its terms cannot be clearly determined from a reading of the entire contract or if its terms are susceptible to more than one reasonable interpretation. *United States Fidelity & Guar. Co. v. St. Elizabeth Med. Ctr.* 129 Ohio App.3d 45, 716 N.E.2d 1201 (1998)." *Id.* at ¶ 30.

**{¶17}** We find that this contract is not ambiguous. The language of the policy states "the insured shall: (1) file a lawsuit in the proper court against (a) us; and (b) the uninsured motorist unless we have consented to a settlement offer proposed by or on behalf of the uninsured motorist * * *." Since the uninsured motorist was unknown, Leon could have filed against the uninsured motorist using "name unknown" in place of the name.

> The interpretation of an insurance contract is a matter of law. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 652 N.E.2d 684 (1995). When interpreting an insurance contract, it is incumbent upon this court to "look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy." *Westfield Ins. Co. v. Galatis*, 100 Ohio St. 3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 11.

*Felton v. Nationwide Mut. Fire Ins. Co.*, 163 Ohio App.3d 436, 2005-Ohio-4792, 839 N.E.2d 34, ¶ 15 (9th Dist.).

**{¶18}** After a review of the record, we find that the trial court did not err in finding

that the language of the policy was not ambiguous when it granted summary judgment in favor of State Farm. Therefore, Leon's second assignment of error is overruled. Consequently, our findings in assignments of error one and two renders Leon's contract argument to be without merit.

{¶19} In Leon's third assignment of error, he argues that the trial court erred in failing to find ambiguity in the policy language that contemplates an agreement between State Farm and the insured concerning the amount of compensatory damages that the insured is legally entitled to recover from the uninsured motorist. Leon contends that the language in paragraph 1 of the General Terms, entitled Deciding Fault and Amount, is ambiguous because it is unclear on how State Farm and the parties will reach an agreement concerning the amount of compensatory damages that the insured is legally entitled to recover from the uninsured motorist. Here, Leon is attempting to create ambiguity where there is none. "[I]t is clear that where common words appear in a written instrument, they will be given their ordinary meaning unless manifest absurdity results or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." (Citation Omitted.) *Felton* at ¶ 19.

{¶20} The language from the policy is clear that if the insured and State Farm do not come to an agreement about compensatory damages, then the insured can file a lawsuit against State Farm and the uninsured motorist. Therefore, Leon's third assignment of error is overruled.

{¶21} Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR