DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Garland McCall, appeals from the judgment of the Summit County Court of Common Pleas which granted Appellee's motion for summary judgment. This Court affirms.
 I. {¶ 2} Appellant was an employee of the City of Akron and worked as a sanitation service employee. Appellant's job function primarily consisted of riding on the back of garbage truck and collecting trash along a specified route. On April 7, 2004, Appellant was standing on the back of the truck pursuant to his *Page 2 
job duties. The truck was struck by a 1993 Ford Thunderbird. As a result of the accident, Appellant suffered a serious leg injury, including a compound fracture of his right tibia and fibula.
 {¶ 3} The driver of the Thunderbird had no insurance. Moreover, as Appellant's employer was self-insured, no uninsured motorist coverage existed. Appellant, therefore, sought uninsured motorist coverage from Appellee, State Farm Mutual Automobile Insurance Company, which had issued a policy to Appellant's father. Appellant qualified for general coverage under the policy because he resided with his father. However, Appellee denied the claim, stating that the "regular use" section of the policy excluded coverage.
 {¶ 4} Appellant filed suit against Appellee on March 6, 2006, seeking uninsured motorist coverage. Appellee moved for summary judgment on Appellant's complaint, and Appellant responded in opposition. On January 27, 2007, the trial court granted Appellee's motion, finding that the "regular use" exclusion precluded coverage. Appellant timely appealed the trial court's judgment, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY." *Page 3 
 {¶ 5} In his sole assignment of error, Appellant asserts that the trial court erred in finding that he was not entitled to coverage under the insurance policy. Specifically, Appellant argues that the trial court erred in concluding the policy's regular use exclusion was applicable. This Court disagrees.
 {¶ 6} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of *Page 4 
offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact.Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} The interpretation of a clear and unambiguous insurance contract is a matter of law. Nationwide Mut. Fire Ins. Co. v. Guman Bros.Farm (1995), 73 Ohio St.3d 107, 108. When interpreting an insurance contract, it is incumbent upon this Court to "look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy."Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, at ¶ 11. Moreover, it is axiomatic that a policy will be construed liberally in favor of the insured and strictly against the insurer where the provisions at issue are reasonably susceptible of more than one interpretation. King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208,211.
 {¶ 10} However, when interpreting insurance policies, we presume the intent of the parties regarding coverage is reflected in the policy's language and review the policy to discover this intent. Kelly v. Med.Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus;Thorne v. Amerisure Ins. Co., 9th Dist. No. 21137, 2002-Ohio-6123, at ¶ 13, citing Minor v. Allstate Ins. Co., Inc. (1996),111 Ohio App.3d 16, 20. If a contract's terms are "clear and precise," the *Page 5 
contract is not ambiguous. Pavlich v. Pavlich, 9th Dist. No. 22357,2005-Ohio-3305, at ¶ 7. When the terms of a policy are unambiguous, this Court has no need to construe the policy in favor of the insured. SeeFelton v. Nationwide Mut. Fire Ins. Co., 163 Ohio App.3d 436,2005-Ohio-4792, at ¶ 18-19.
 {¶ 11} In the instant matter, the parties agree that the following provision is the sole issue in this matter. With respect to uninsured coverage, the policy provided as follows:
 "There is no coverage *** for damages arising out of and due to bodily injury to an insured *** while operating or occupying a motor vehicle owned by, leased to, furnished to, or available for the regular use of you, your spouse, or any relative if that motor vehicle is not insured for this coverage under this policy."
This "regular use" exception has been found to be unambiguous by the Ohio Supreme Court. See Kenney v. Employers' Liability As sur.Corp. (1966), 5 Ohio St.2d 131, 134 ("we do not believe that the words `an automobile * * * furnished for the regular use' of plaintiff are ambiguous"). Accordingly, we must interpret the above provision utilizing the plain and ordinary meaning of the words it contains.
 {¶ 12} Appellant raises two distinct arguments regarding the applicability of the above provision. Appellant first asserts that his use of the garbage truck was not "regular." Next, Appellant contends that the activity he performed on the truck does not qualify as "use." We address each of Appellant's contentions. *Page 6 
Regular {¶ 13} "The meaning of the words `regular use' has been held to be use that is frequent, steady, constant or systematic." Sanderson v. OhioEdison Co. (1994), 69 Ohio St.3d 582, 589. Moreover, the regular use exception applies "although it is only one of a group of automobiles from which an automobile is regularly furnished to the named insured by his employer." Kenney, 5 Ohio St.2d at 134; State Farm Mut. Auto. Ins.Co. v. Counts (Nov. 7, 1990), 9th Dist. Nos. 14490, 14492, at *3.
 {¶ 14} Ohio courts have noted that a determination of "regular use" is largely fact intensive. In Kenney, the Court found "regular use" when an officer drove a police cruiser from a group of vehicles on 122 of 164 days. Kenney, 5 Ohio St.2d at paragraph one of the syllabus. This Court has found "regular use" when an employee drove a company van to and from work on a daily basis for more than a year. See Withrow v. Liberty Mut.Fire Ins. Co. (1991), 72 Ohio App.3d 592. We have also found "regular use" when an employee "used the particular vehicle involved in the accident off and on for the nine months he was employed at Dairy Mart. The frequency of use of that particular vehicle ranged from twice a week to once a month." Counts, supra, at *3. On the other hand, the Supreme Court has declined to find "regular use" when an employee drives his employer's truck no more than ten times in a year. Sanderson,69 Ohio St.3d at 589-90. *Page 7 
 {¶ 15} Appellant's activities on the garbage truck fall squarely within our definition of "regular." Appellant was injured on April 7, 2004. He had been working as a sanitation service worker since July 31, 2003. During his deposition, Appellant stated that he generally worked five days a week since his start date. He stated that he was randomly assigned to a different truck from the same pool of roughly twenty trucks. During that deposition, Appellant admitted that he worked on one of the garbage trucks every day except perhaps two days during those ten months. Accordingly, we find that as a matter of law Appellant's activity on the garbage truck qualified as "regular."
Use {¶ 16} Appellant also argues that as a "randomly assigned passenger," his activity aboard the garbage truck does not qualify as "use." This Court disagrees.
 {¶ 17} Because the language of the policy exclusion is unambiguous, this Court must apply the plain, ordinary meaning of the words used therein. Initially, this Court notes that no court in this state has defined "use" as it is used in the above exclusion. However, "use" is generally defined as "the privilege or benefit of using something." Webster's New Collegiate Dictionary (1980) 1378. Under this definition, it is clear that Appellant had the benefit of using the garbage truck to complete his job requirements. Moreover, this Court has
 "found that the general purpose of a `regular use' exclusion was to enable coverage, without the payment of an additional premium, for the occasional or incidental use of vehicles not expressly covered under the policy while, concurrently, to exclude the habitual use of *Page 8 
other cars, which would increase the risk on the insurance company without a corresponding increase in the premium." United Ohio Ins. Co. v. Whipkey (Feb. 2, 1994), 9th Dist. No. 2814, at *1.
Appellant's argument would destroy this purpose. Under Appellant's proposed definition, this exclusion would not apply so long as the insured was solely a passenger, regardless of the frequency of the use of the vehicle. As such, an insurer would be exposed to a significantly higher risk without a corresponding increase in the premium collected. As Appellant's proposed definition is at odds with the plain meaning of the term "use" and contravenes the purpose of the stated exclusion, we cannot accept it. Accordingly, under the plain meaning of the term "use," Appellant was using the garbage truck.
 {¶ 18} Appellant, therefore, was furnished a vehicle for "regular use." The above stated exclusion of coverage applies. As such, the trial court did not err in granting summary judgment in favor of Appellee. Appellant's sole assignment of error lacks merit.
 III. {¶ 19} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 9 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J., CARR, J. CONCUR. *Page 1