[Cite as *Schmucker v. Kurzenberger*, 2011-Ohio-3741.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

DONNY SCHMUCKER, et al.

    Appellants

    v.

EDWARD KURZENBERGER, et al.

    Appellees

C.A. No.     10CA0045

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    09-CV-0052

DECISION AND JOURNAL ENTRY

Dated: August 1, 2011

---

WHITMORE, Judge.

{¶1} Plaintiff-Appellants, Donny Schmucker and Cheryl Schmucker, co-administrators of the estate of Jessica Schmucker (collectively "the Schmuckers") appeal from the decision of the Wayne County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellees, Edward Kurzenberger, Carolyn Clarke (formerly Carolyn Kurzenberger), Nina Kurzenberger (collectively "the Kurzenbergers"), and Wayne Mutual Insurance Company ("Wayne Mutual"). This Court reverses.

I

{¶2} Shortly after 5:00 p.m. on June 22, 2008, Edward, his daughter, Nina, and her friend, Jessica, were riding in Edward's Jeep Wrangler on their way to get something to eat when Nina cautioned her father that he was driving left of center. As he drifted further toward the center line on the road, Nina, who was sitting in the front passenger's seat, grabbed the steering wheel and jerked it to the right. When Edward attempted to compensate for Nina's actions, he

lost control of the vehicle and it veered to the left, across the oncoming lane of traffic and into the ditch beside the road. Before landing, the Jeep rolled several times, causing the hard top and back seat to detach from the vehicle. Jessica, who was sitting in the back seat at the time, was ejected from the vehicle and died as a result of the accident.

{¶3} The Schmuckers filed a wrongful death and personal injury action against the Kurzenbergers. The Kurzenbergers filed various cross-claims, all of which were ultimately resolved by way of an agreed entry. The Schmuckers later amended their complaint to add Wayne Mutual as a party and sought a declaratory judgment regarding insurance coverage for Nina's alleged negligence. Wayne Mutual insures Gerard Clarke, Nina's stepfather and the husband of Nina's mother, Carolyn. Wayne Mutual filed a counterclaim also seeking declaratory judgment as to its coverage obligations.

{¶4} Both the Schmuckers and Wayne Mutual filed motions for summary judgment. The Schmuckers filed a memorandum in opposition to Wayne Mutual's motion for summary judgment and Wayne Mutual replied. On August 10, 2010, the trial court granted Wayne Mutual's motion for summary judgment and denied the Schmuckers'. The Schmuckers have timely appealed, asserting two assignments of error for our review, which have been rearranged for purposes of analysis.

II

Assignment of Error Number Two

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING WAYNE MUTUAL'S MOTION FOR SUMMARY JUDGMENT."

{¶5} In their second assignment of error, the Schmuckers assert that the trial court erred in granting Wayne Mutual's motion for summary judgment. Specifically, they argue that

Nina was not "operating" the vehicle such that the terms of the policy would exclude coverage for her actions. We agree.

{¶6} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. It applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12. Summary judgment is proper under Civ.R. 56(C) if:

> "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in the favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support its motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293; Civ.R. 56(E).

{¶7} "An insurance policy is a contract." *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, at ¶9. "When confronted with an issue of contractual interpretation, the role of a court is to give effect to the intent of the parties to the agreement [by] *** look[ing] to the plain and ordinary meaning of the language used *** unless another meaning is clearly apparent from the contents of the policy." Id. at ¶11. In circumstances where an insurance policy contains terms that are "susceptible [to] more than one interpretation, they 'will be construed strictly against the insurer and liberally in favor of the insured.'" *Sharonville v. Am.*

*Employers Ins. Co.*, 109 Ohio St.3d 186, 2006-Ohio-2180, at ¶6, quoting *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, syllabus. Additionally, an insurance policy exclusion "will be interpreted as applying only to that which is *clearly* intended to be excluded." (Emphasis in original.) *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.* (1992), 64 Ohio St.3d 657, 665.

{¶8} Initially, we note that the trial court made two legal conclusions in its entry: first, that Nina is a "covered person" under the terms of Wayne Mutual's insurance policy and, second, that one of Wayne Mutual's exclusions applies, which in turn precludes it from having to provide Nina with liability coverage for her actions. In arriving at its first conclusion, the trial court looked to the provision of Wayne Mutual's policy that provides coverage for a "family member for the *** use of any motor vehicle." The court then relied upon a past decision from this Court in which we interpreted the term "use" for the purposes of an insurance contract as "the privilege or benefit of using something." *McCall v. State Farm Mut. Auto. Ins. Co.*, 9th Dist. No. 23601, 2007-Ohio-5109, at ¶17, quoting Webster's New Collegiate Dictionary (1980) 1378. Thus, the trial court concluded that Nina was a "covered person" under the terms of Wayne Mutual's policy because she was "in use of the *** Jeep at the time of the accident[.]" In other words, Wayne Mutual did not prevail on the issue of coverage. Hence, the Schmuckers agree with the trial court's conclusion that Nina is covered by Wayne Mutual's policy and do not challenge that portion of the judgment. Instead, the Schmuckers' sole challenge on appeal stems from the trial court's second conclusion, that an exclusion in Wayne Mutual's policy precludes coverage for Nina's actions. Accordingly, we confine our review to a determination of whether the trial court erred in deciding that issue.

{¶9} In its motion for summary judgment, Wayne Mutual set forth several exclusions that it argues would bar coverage in this situation. One of the exclusions to coverage relied upon

by Wayne Mutual in its motion provides that it "do[es] not provide Liability Coverage for any covered person *** who operates any motor vehicle and is 14 years of age or older and does not possess a valid operator license or learner permit." Wayne Mutual points to Edward's deposition testimony confirming that Nina did not have a valid license or learner's permit at the time and the undisputed fact that Nina was fourteen years old when the accident occurred. Wayne Mutual acknowledges that the term "operate" is not defined in its policy and offers a definition from an unspecified edition of Black's Law Dictionary, which allegedly defines the term to mean "to perform a function, or operation, or produce an effect," though the Ninth Edition of Black's Law Dictionary contains no such term or definition. Wayne Mutual further states that "[c]learly Nina's status as a passenger does not make her an operator of the vehicle" but notes that "if the Court construes Nina's act of grabbing the steering wheel as 'operation' of the vehicle," that its policy would preclude coverage for her actions under the previously quoted exclusion.

{¶10} In response, the Schmuckers argue that Wayne Mutual's assertions throughout its counterclaim and motion for summary judgment evidence the fact that it views Edward as the party who was operating the vehicle and considers Nina only a passenger, not the operator of the vehicle. Specifically, they point to Wayne Mutual's counterclaim in which it specifically names Edward as "the operator of the *** Jeep *** involved in the subject accident[.]" The Schmuckers further note that in Wayne Mutual's summary judgment motion, it definitively states, based on Edward's deposition testimony, that "Nina was not operating the vehicle at the time of the accident." We note that Wayne Mutual also asserts that it is "only logical" that, as the driver of the Jeep, "Edward *** was the operator of the vehicle at the time of the accident." Consequently, the Schmuckers argue that Wayne Mutual does not interpret its own policy in such a manner that would support the conclusion that Nina's actions demonstrate she was

operating the vehicle at the time of the accident. In its reply memorandum, Wayne Mutual continues to "maintain[] that Nina was not the operator of the vehicle, and therefore coverage does not apply" but further states that "should the court determine that Nina was operating the vehicle, the exclusion applies to preclude coverage for her actions."

{¶11} To interpret the undefined term in the policy, we must look to the plain and ordinary meaning of the word "operate." See, e.g., *McCall* at ¶17; *Galatis* at ¶11. The dictionary provides several definitions, one of which is "to cause to function[.]" Merriam-Webster's Collegiate Dictionary (11th Ed. 2004) 869. In *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 12, 2009-Ohio-1360, the Supreme Court had cause to look at the meaning of the term "operation" as that word is used in the phrase "operation of a motor vehicle" and found in the statutory immunity section of the Revised Code. *Doe* at ¶17. There, the Court similarly stated that "'operate' is '[t]o control or direct the functioning of.'" Id. at ¶20, quoting Webster's II New College Dictionary (3d Ed. 2005) 786. Under either definition, for Nina to be considered an "operator" and therefore excluded from coverage under the terms of Wayne Mutual's policy, she would have had to have been in control of, or in a position to direct the functioning of, the vehicle at the time of the accident. Based on our review of the deposition testimony, there is no evidence that this was the case, nor would we construe a temporary reach for the steering wheel as evidence that Nina was "operating" the vehicle under the plain meaning of that term. Causing a vehicle to function requires more than simply directing its steering and would necessarily include control over the vehicle's ability to start, stop, and adjust its speed, as only the vehicle's driver could do.

{¶12} We acknowledge, however, that other courts have considered a passenger who grabs the steering wheel to be "operating" a vehicle for the purposes of a conviction under R.C.

4511.19, Ohio's statute prohibiting operation of a vehicle while under the influence of alcohol or drugs. See *State v. Wallace*, 1st Dist. Nos. C-050530 & C-050531, 2006-Ohio-2477, at ¶7-15; *State v. Schultz,* 8th Dist. No. 90412, 2008-Ohio-4448, at ¶30, fn.6. See, also, *Columbus v. Freeman*, 10th Dist. No. 08AP-519, 2009-Ohio-1046, at ¶7-17 (affirming convictions under the terms of the Columbus City Code for operation of a motor vehicle while under suspension and reckless operation where a passenger grabbed the steering wheel and caused the vehicle to swerve and wreck). We are unpersuaded by those decisions, however, as they hinge on the statutory definition of "operate" as set forth in the traffic code section of the Revised Code; a definition that those same courts acknowledge is the result of a legislative enactment largely designed to combat alcohol-related offenses. See *Wallace* at ¶12-14 (noting that the definitions of "operate" and "operation" as found in R.C. 4511.01 were not designed to "limit operating offenses to drivers[,]" but were the result of deliberate effort of "the General Assembly[ to] expan[d] *** the definition of 'operate' to include anyone who causes movement of a vehicle *** [and] discourage persons from putting themselves in the position in which they can potentially cause the movement of a motor vehicle while intoxicated," as well as to allow for multiple prosecutions where the combined actions of impaired occupants cause the movement of a vehicle) (internal quotations and citations omitted); *Schultz* at fn.6 (citing to *Wallace* and noting that the General Assembly's definition of "operate" is "still broad enough to encompass an impaired passenger who grabs the steering wheel of a moving vehicle").

{¶13} In its decision, the trial court relied on a related provision in the same section of the Revised Code's traffic statute to define the term "operator." In doing so, it then concluded that "[u]nder this definition, Nina [was] considered an operator of the vehicle." Thus, the trial court did not apply the "plain and ordinary" meaning of the term, but instead, relied upon a

statutory definition of the term, a definition that is recognized as being specifically designed to include a broader range of activities than simply controlling or directing the function of the vehicle. See *Wallace* at ¶12-14; *Schultz* at fn.6; *Freeman* at ¶17. Moreover, our interpretation of the term "operate" appears to be consistent with the manner in which Wayne Mutual interprets that term as well, given its repeated and express statements that Edward was "in control" of the vehicle at the time of the accident, not Nina. Because there is no indication that Wayne Mutual's policy "*clearly* intended [Nina's actions] to be excluded," summary judgment based on the application of the foregoing exclusion was inappropriate. (Emphasis in original.) *Hybud Equip. Corp.*, 64 Ohio St.3d at 665. Furthermore, "[i]f an exclusionary clause will reasonably admit of an interpretation that would preserve coverage for the insured, then as a matter of law, a court is bound to adopt the construction that favors coverage." *Burgess v. Erie Ins. Group*, 10th Dist. 06AP-896, 2007-Ohio-934, at ¶12, quoting *Watkins v. Brown* (1994), 97 Ohio App.3d 160, 164.

{¶14} As indicated, Wayne Mutual argued in its summary judgment motion that there are several different provisions in its policy that would exclude coverage for Nina's actions. Wayne Mutual reiterates the applicability of those same exclusions in its brief to this Court. The trial court's decision, however, only addressed one of the exclusions and gave no indication that it considered the other grounds asserted by Wayne Mutual in its summary judgment motion. That is, there is no evidence that the trial court considered whether the provisions excluding coverage for intentional acts, unpermitted use, or regular use by another family member were reviewed by the trial court. Were this Court to consider Wayne Mutual's supplemental arguments in support of excluding coverage, we would in effect, be sitting as the trial court, rather than conducting a de novo review of the trial court's decision. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 360 (noting that Civ.R. 56 "mandates that the trial court make the

initial determination whether to award summary judgment; the trial court's function cannot be replaced by an 'independent' review of an appellate court"). Moreover, this Court has recently reiterated its unwillingness to "consider alternate grounds in support of a motion for summary judgment" for the first time on appeal where the trial court has not engaged in a review of the issue in the first instance. *Allstate Ins. Co. v. Smeltzer*, 9th Dist. No. 25136, 2011-Ohio-2632, at ¶15, quoting *Guappone v. Enviro-Cote, Inc.*, 9th Dist. No. 24718, 2009-Ohio-5540, at ¶12. See, also, *B.F. Goodrich Co. v. Commercial Union Ins.*, 9th Dist. No. 20936, 2002-Ohio-5033, at ¶38-44. While "[i]t is understandable that the trial court did not pass upon the alternative grounds urged by [Wayne Mutual] in support of [its] motion for summary judgment because of its belief that [Wayne Mutual] was entitled to summary judgment based upon the grounds that it did consider[,]" we conclude that "it would be inappropriate for this [C]ourt to consider the evidence presented by [the parties] and pass upon [the alternative] grounds without the trial court first doing so." *Orvets v. Natl. City Bank, Northeast* (1999), 131 Ohio App.3d 180, 194. Accord *Roark v. Medmarc Cas. Ins. Co.*, 9th Dist. No. 07CA009146, 2007-Ohio-7049, at ¶16 (reversing the trial court's decision on summary judgment but declining to address defenses to insurance coverage on appeal where the trial court had not yet done so); *Lang v. Holly Hill Motel, Inc.*, 4th Dist. No. 05CA6, 2005-Ohio-6766, at ¶22-23 (reversing the trial court's decision on summary judgment and remanding for further consideration of the open and obvious doctrine which was not previously considered by the trial court). Because the trial court did not consider the alternative grounds for summary judgment as asserted by Wayne Mutual and we decline to do so in the first instance, we must remand this matter to the trial court for further review. *Smeltzer* at ¶15; *Guappone* at ¶12; *B.F. Goodrich Co.* at ¶44.

{¶15}  Additionally, we note that in response to the Schmuckers' foregoing assignment of error, Wayne Mutual attempts to argue that it should not be required to provide coverage for Nina because she was not a "user" of the vehicle, thereby eliminating the applicability of any coverage exclusions.  As previously stated, Wayne Mutual did not prevail on the issue of insurance coverage.  Consequently, we decline to address this argument, as Wayne Mutual is asking this Court to modify the judgment of the trial court to conclude that Nina is not covered under its policy – a determination that is materially different as a matter of law from the trial court's conclusion that Nina is covered by the policy, but excluded from coverage based on the nature of her actions.

{¶16}  App.R. 3(C)(1) requires that a party "who intends to defend a judgment *** and who also seeks to change the judgment *** shall file a notice of cross appeal within the time allowed by App.R. 4."  Wayne Mutual did not file a cross-appeal in this case.  "It is well established that a party seeking to defend the trial court's judgment, yet asking to modify its terms, must do so via filing a notice of cross-appeal."  *Ware v. King*, 3d Dist. No. 9-09-34, 2010-Ohio-1637, at ¶19 (concluding that summary judgment was inappropriate on one of plaintiff's claims and citing App.R. 3(C)(1) when declining to address a statute of limitations argument offered as an alternative in support of the judgment).  See, also, *Colonial Life & Acc. v. Leitch*, 9th Dist. No. 24263, 2008-Ohio-6616, at ¶17-19 (concluding there was a genuine issue of material fact as to insurance beneficiary coverage and rejecting the appellee's attempt to raise a cross-assignment of error because it sought to alter the terms of the trial court's judgment in her favor and could only be properly addressed by this Court through a cross-appeal); *Harper v. Dog Town, Inc.*, 7th Dist. No. 08-NO-348, 2008-Ohio-6921, at ¶51-52 (dismissing the appellees' conditional assignments of error because the alleged errors sought to change the trial court's

judgment and were not offered in defense of it). Thus, Wayne Mutual was required to file a cross-appeal if it wanted to defend its judgment on appeal by asking this Court to modify the trial court's ruling on the issue of coverage. Id. See, also, *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, at ¶29-37 (discussing the difference between a party's attempt to defend its judgment from a lower court and an attempt to modify the judgment on appeal). Because Wayne Mutual did not do so, this Court will not consider its argument related to the issue of coverage. *Ware* at ¶19; *Leitch* at ¶19.

{¶17} For the foregoing reasons, the Schmuckers' second assignment of error is sustained, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

### Assignment of Error Number One

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TO GRANT PLAINTIFF/APPELLANTS' MOTION FOR SUMMARY JUDGMENT."

{¶18} A review of the Schmuckers' first assignment of error would require us to consider the other exclusions not yet addressed by the trial court, which we will not do in the first instance, as previously stated. Accordingly, their first assignment of error is overruled.

### III

{¶19} The Schmuckers' second assignment of error is sustained and their first assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

 

 

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY

DICKINSON, J.
CONCURS, SAYING:

{¶20} The lead opinion, speaking only for its author, has wrongly concluded that because Wayne Mutual did not file a cross-appeal challenging the trial court's determination that Nina was a "covered person" under the policy, that issue is not before this Court. Wayne Mutual has presented this argument as an alternative ground for upholding the trial court's declaratory judgment in its favor, not as an attack on that declaratory judgment. The lead opinion has confused the judgment in Wayne Mutual's favor with the grounds supporting that judgment.

**{¶21}** Cross-appeals are required only if "[a] person who intends to defend a judgment or order against an appeal taken by an appellant . . . also seeks to change the judgment or order[.]" App. R. 3(C)(1). Under Rule 3(C)(2) of the Rules of Appellate Procedure, cross appeals are not required if "[a] person who intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court . . . does not seek to change the judgment or order[.]" The trial court's "judgment" in this case was a declaration that Wayne Mutual was not required to provide coverage for Nina's alleged negligence. Whether Nina was not a covered person or whether she was a covered person but her alleged negligence fell within an exclusion from coverage are alternative potential grounds in support of that "judgment." According to the Ohio Supreme Court, "without filing a cross-appeal, an appellee can 'urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon a matter overlooked or ignored by it.'" *Kaplysh v. Takieddine*, 35 Ohio St. 3d 170, 175 (1998) (quoting *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924)).

**{¶22}** In this case, Wayne Mutual is not seeking to enlarge its own rights or lessen those of the Schmuckers. Wayne Mutual's arguments are intended to defend the trial court's judgment on a ground other than that relied on by the trial court. Wayne Mutual has not attacked the trial court's declaratory judgment in its favor. It has not sought to modify that declaratory judgment in any way. Wayne Mutual agrees with the trial court that the policy did not provide coverage for Nina's alleged negligence, but has argued that the trial court's judgment is correct for an alternative reason. Rather than relying exclusively on the applicability of the exclusion, as the trial court did, Wayne Mutual has argued in the alternative that the trial court's judgment was correct because Nina was not a "user" of the motor vehicle. Because a cross-appeal was not

required in this situation, this Court cannot reverse the trial court's judgment in Wayne Mutual's favor without first considering this alternative argument. See, e.g., *State v. Gaines*, 12th Dist. Nos. CA2010-07-010, CA2010-O7-011, 2011-Ohio-1475, at ¶28-29; *Schaaf v. Schaaf*, 9th Dist. No. 05CA0060-M, 2006-Ohio-2983, at ¶19 ("It is well established in Ohio that 'a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof.'") (quoting *State ex rel. Carter v. Schotten*, 70 Ohio St. 3d 89, 92 (1994)).

{¶23} Wayne Mutual has argued that Nina was not a "covered person" under the policy because she was not a "user" of the vehicle. Under the policy, Wayne Mutual was obligated to "pay damage for bodily injury or property damage for which any covered person becomes legally responsible because of a motor vehicle accident[.]" The policy defines a "[c]overed person" as "any family member for the ownership, maintenance or use of any motor vehicle[.]" Wayne Mutual has conceded that Nina is a "family member" under the policy, but has argued that she did not "use" the motor vehicle. It is undisputed that she did not own or maintain the vehicle. The policy does not define the word "use."

{¶24} Relying on a decision of this Court, the trial court determined that "use" should be defined as "the privilege or benefit of using something." *McCall v. State Farm Mut. Auto. Ins. Co.*, 9th Dist. No. 23601, 2007-Ohio-5109, at ¶17 (quoting Webster's New Collegiate Dictionary (1980) 1378). The trial court interpreted this Court's decision in *McCall* as giving the word "use" a broad definition "to include all proper uses of an automobile." The trial court correctly determined that Nina was "us[ing]" the vehicle at the time of the crash. See, e.g., *Brown v. Kennedy*, 141 Ohio St. 457, 464 (1943) (holding that, despite fact that boyfriend was driving the vehicle while daughter of insured was riding as passenger, daughter was "using" the vehicle for

the purpose of transportation between home and school at the time of the crash); *Grange Mut. Cas. Co. v. Rosko*, 146 Ohio App. 3d 698, 2001-Ohio-3508, at ¶26-27 (agreeing with out-of-state precedent holding that passengers were "using" a vehicle for purposes of liability coverage in various factual scenarios).  Having determined that Grange Mutual's argument fails, I concur in the remainder of the lead opinion.


APPEARANCES:

TIMOTHY B. PETTORINI, and SARAH B. GORDON, Attorneys at Law, for Appellants.

EDWARD A. DARK, Attorney at Law, for Appellees.

FRANK G. MAZGAJ, and GREGG PEUGEOT, Attorneys at Law, for Appellees.

JOHN E. JOHNSON, JR. Attorney at Law, for Appellees